Tilghman C. J.
The question in this case turns upon the act of limitations. -.The plaintiff commenced his action within six years, in the Court of Common Pleas. Before it came to trial, the six years expired.. On the trial the plaintiff was nonsuited, and then brought the present action in this Court, one month and four days after the nonsuit. These facts being disclosed in the plaintiff’s replication to the plea of the act of limitations, the defendant demurred, and the plaintiff joined in demurrer.
The act “ for limitation of actions,” (passed 27th March, 1713,) 1 Sm. L. 76, enacts, that actions on the case shall be brought “ zvithin six years next after the cause of action, and “ not after.” The 2d section provides, that “ if judgment “ be given for the plaintiff, and the same be reversed by error, “ or a verdict pass for the plaintiff, and upon matter alleged “ in arrest of judgment, the judgment be given against the *237 “ plaintiff, then and in every such case the plaintiff, his heirs, ££ executors, or administrators, may commence a new action ££ within a year after such judgment reversed or given “ against the plaintiff, and not after.”
These are the only express exceptions, and the reason-tor them does not hold in the case of a nonsuit. Where the plaintiff has obtained a verdict, there is a strong presumption that the merits are with him, although he may have been defeated on matter of form ; and where he has obtained a judgment, which has been reversed by error, a delay has been occasioned by the mistake of the court which gave the first j udgment. Some presumption also exists in favour of a plaintiff, who has had one judgment in his favour. But there is no presumption in favour of one, who has been nonsuited, and as it is in the plaintiff’s power to suffer as many nonsuits as he pleases, he might make use of an artifice of this kind' to protract the trial, until the defendant had lost his evidence. There are cases which have been held not to come within the intention of the act, although they are within its letter., If an action abates by the death of one of the parties, and is revived in a reasonable time, this although iñ form a new action, is in substance but a continuation of the old one. The plaintiff is in no default, he has lost his trial by the act of God, and in such case it cannot be intended, that the statute meant to bar him. Far different is a nonsuit, for there the plaintiff has withdrawn from the trial, either voluntarily or in consequence of the opinion of the court against him, and the suit commenced afterwards is to all intents and purposes a new one. When the legislature excepted the cases, where the plaintiff had obtained a verdict or a judgment, it must have occurred to them, that actions often went off on a non-suit, and their not extending the exception to that also, is strong proof that they thought it ought not to be excepted. No authority has been produced in favour of a new action commenced, even in the same court after a nonsuit. The present case is rather stronger against the plaintiff, because the action was brought in another court. So that the plaintiff has failed in supporting himself, either by the words or spirit of the act, or any authority in a similar case. I am therefore of opinion, that the demurrer is good, and that judgment should be entered for the defendant.
*238 Yeates'J.
Limitation acts evidently conduce to the repose and peace of society.’ All well regulated governments have adopted them on this principié.- The-construction of them should neither be • too loose, nor too liberal. Such operation is to be given to, them,.. as to. effect the beneficial purposes intended to be produced, but not to affect cases never contemplated by the legislature.
The facts set forth in the replication are not within either of the. exceptions enumerated in the 2d section of our act of 27th March, 1713, nor do they appear to .me to be within the. spirit of the act or any of the adjudged cases. Where a plaintiff obtains a verdict, and judgment is arrested, or where a judgment has been reversed for error, the true merits of the case must be supposed to be in his favour. Where a feme administratrix marries pending her suit, no legal disability’is to be'ascribed to her representative character, and her.hushand and herséíf may renew the suit within a reasonable time, according to the note in Willes, 259, Lord Middleton v. Forbes. But I can discover no claim on the part of a plaintiff against whom a-nonsuit has been ordered, to a relaxation of the operation of the general provisions of the act. ' If he eventually suffers thereby, his loss must be imputed to his own negligence and default.
I think the demurrer here is supportable, and that judgment must be entered for the defendant..
Brackenridge J. concurred.
Judgment for the defendant.'