## LYNN *against* M'MILLEN.

An *alias* or *pluries capias* or summons is a continuance of the original process; if, therefore, special bail be entered in time in the original suit, in which the writ was returned *non est inventus*, it will be a compliance with the conditions of the bail bond given upon an *alias* or *pluries capias*.

An appearance after the return day of the writ, but within six weeks, is a compliance with the legal effect of the condition of a bail bond; and it may be pleaded in bar to an action upon it.

**ERROR** to *Fayette* county.

*William M'Millen* issued a *capias* in case against *William J. Lynn*, to June term, 1829, and required bail in two hundred and fifty dollars. The writ was returned *"non est inventus."* An *alias capias* was issued to October term, 1829, which was returnable on the 26th October. This was returned *"cepi corpus* and bail bond taken."* On the 7th December, 1829, *Andrew J. Lynn* became bound as special bail of *William J. Lynn* in the original suit to June term. On the 18th January, 1830, and to March term, *William M'Millen* assignee of *William Salter*, Sheriff, brought an action of debt upon the bail bond, given by *William J. Lynn* and *Andrew J. Lynn* to the sheriff, upon the *alias capias;* to which the defendants plead *"Comperuit ad diem"* and the plaintiff replied *"nul tiel record."* Upon this issue the court rendered a judgment for the plaintiff, which was subsequently liquidated by a writ of inquiry of damages at one hundred and sixty dollars sixty-two cents.

The error assigned was, that the court should have rendered a judgment on the issue, for the defendants.

*N. Ewing*, for plaintiff in error.

*Dawson* and *M'Kennon*, contra.

The opinion of the court was delivered by

GIBSON, C. J.---In actually entering special bail on the last day of the six weeks, the defendants undoubtedly intended to perform the condition of their bond; and were the act not such as to avail them by pleading, no court would hesitate to relieve them in a summary way from the consequences of the officer's blunder. But the bail as entered, was in fact a performance of the condition, and pleadable strictly as such. Instead of being the inception of a fresh suit an *alias* or *pluries* is, at the common law, but a continuance of the process; and there is no reason why it should not be so here where the capias or summons is the originating writ. It was held to be strictly so in *Schlosser* v. *Lesher*, 1 *Dal.* 411, where to a plea of the statute of limitations, the plaintiff successfully

replied an original summons on a particular day within the six years; which he could not have done, had not the action been commenced by such original, and continued by the further process without break or interval. That such an interval will let in the bar of the statute, is shewn by *Harris* v. *Dennis*, 1 *Serg. & Rawle*, 286, where it was not saved by a previous action within the six years, in which the plaintiff had suffered a non suit. All, then, is process in the same action, the entries in which, may be under the original or any subsequent writ. The practice has indeed been to continue the entries under the writ on which the defendant has been brought in; and this, though convenient, is not to have the effect of changing a supplementary writ into an original. A voluntary appearance to a summons returned *nihil*, would undoubtedly enable the court to proceed on it; and whether on the original or a subsequent writ, could make no difference, the exigence of either being answered by the defendant's appearance in court, so that if the proceedings were docketed on the *alias* or *pluries*, no one would think of pleading the original writ as a previous and an independant action, depending for the same cause. Just so in the present case. The defendants were in court to answer the action by the docketing of their recognizance under the entry of the original writ; and the part of the docket in which their appearance was recorded could in no wise be material. The remaining exception, that an appearance after the return day, does not support the plea of *comperuit ad diem*, nor, though within the period prescribed by the rule of court, save the penalty of the bond, at first appeared more plausible. But the apparent difficulty on that head is removed, by adverting to the *Stat.* 4 *Ann, c.* 16, *sec.* 20, which enables the court after the assignment of the bail bond, to give such relief to the parties in the original action, and to the bail upon the said bond or other security taken from the said bail, as is agreeable to justice or reason; and that such *rule* or *rules* of the said court shall have the *nature* and EFFECT OF A DEFEASANCE to such bail bond or other security for bail." By force of the statute, therefore, an appearance after the return day of the writ, but as here, within the six weeks, is a compliance with the legal effect of the condition, which may be pleaded in bar; and in this respect the practice is different from the procedure to obtain relief from the consequences of an actual forfeiture, which is administered in a summary way, on an application to the equitable powers of the court. There was in truth, therefore, such a record as the defendants had alleged in their plea.

Judgment reversed.