DAVID W. LAMKIN v. N. G. NYE, Executor, etc.

1 PLEADING—PRACTICE.—Under the Revised Code, p. 491, sec. IX, litigants are not held to the strict technical rules of pleading.  All that is required is to state, in ordinary and concise language, the facts constituting a substantial ground of action, or of defense.

2. LIMITATIONS—DAYS OF GRACE.—In computing time on  a writing obligatory (other than a promissory note under seal), days of grace will not be counted or allowed.

3. COMMENCEMENT OF SUIT.—The commencement of the action within the meaning of the statute, is the suing out of a writ and placing it in the hands of the officer for service , and not the filing of the declaration.

4. "NEW PROMISE" UNDER THE ACT OF 1844.—Under the statute of 1844, the new promise, to take the case out of the bar of the statute, must be in writing, or, if not in writing, "the very claim" must be presented and acknowledged to be due, and accordingly, the holder of the claim must either produce it or have it ready to produce. The act to be done by him is assimilated to a "tender" by a debtor to his creditor.

5. MODIFICATION OF THE ACT OF 1844.—The act of 1857 repeals so much of the act of 1844 as permitted a verbal promise, under any circumstances, to waive the bar or revive a cause of action.

6. ASSIGNMENT, ETC., AND EFFECT THEREOF.—If the writing assigned, be "negotiable paper," as defined by the law merchant, the endorsee incurs the liability incident to that form of contract: as to other choses in action assigned, the mere transfer has no other effect than to pass the legal title, so as to enable the assignee to sue at law.

Error to the circuit court of Yazoo county.    CAMPBELL, J.

The facts are sufficiently stated in the opinion of the court. The plaintiff in error filed the following assignment of errors :

1st. The court below erred, because it did not extend the demurrer of defendant to plaintiff's replications back to the declaration which was defective for misjoinder, and being an improper form of action.

2d. The court erred in not sustaining the demurrer of defendant to the second, third, and fifth replications of plaintiff to the defendant's second and third pleas.

3d. The court erred in not sustaining the demurrer of defendant to plaintiff's sixth replication.

4th. The court erred in granting the plaintiff's instructions.

5th. The court erred in refusing to grant the instructions asked for the defendant.

*Wilkinson & Bowman,* for plaintiff in error.

The declaration is in *assumpsit* founded on a writing obligatory. The demurrer should have extended back to the declaration, because it was defective and fatal on general demurrer. Where a party has different securities for the debts from the same person, he must found his action on that which is in law of the higher nature and efficacy. The law prescribes different forms of action on different securities. 1 Chit. Pl., 102, 103, and 104. An instrument of writing under seal is a specialty. Rev. Code, 355. *Assumpsit* will not lie

on a specialty, and the proper form of action is debt.  1 Chit. Pl., 103, 104, and 110.  Counts in one species of action can not be joined with counts in another.  Chit. Pl., 201.  In cases of misjoinder, the declaration is had on general demurrer, or in arrest of judgment.  1 Chit. Pl., 205; ib., 411.

The rules regulating pleadings at common law are not changed by the act of 1857, but are still in force in this state. Blackwell v. Reed & Co., 41 Miss., 103; Lee v. Dozier, 40 Miss., 482.  The demurrer should have been sustained to the second, third, fifth, and sixth replications to the second and third pleas.  The pleas set up the statute of limitations of seven years to the writing obligatory, and six years to the promissory note sued on.  Declaration was filed 2d January, 1862, yet the second replication avers that the statute of limitations was suspended on the 29th January, 1862, and that the cause of action was presented to him and acknowledged to be due before the 29th January, 1862.  This replication was had for uncertainty, and was no sufficient reply to the plea.  Plaintiff should have stated a day when he commenced his suit, and then avered the promise within the time prescribed, to take it out of the statute of limitations. Fox v. Smith, 39 Miss., 351; Vaughan v. Shelton, 40 Miss., 340.  The third replication was that the suit commenced within seven years and four days after the maturity of the writing obligatory.  A writing obligatory is not entitled to days of grace.  Nor is a note under seal, although possessing all the other characteristics of a promissory note.  Story on promissory notes, sec. 55, p. 61; Story on bills, sec. 61; Warren v. Lynch, 5 John., 239; 15 Ward, 265.  The fifth replication propounds the same legal proposition as the second, i. e., that the defendant below promised before the 29th day of January, 1862, to pay, etc.  Now this note might have been barred before, say the 6th January, of that year, and after it was barred and suit had been brought, could a promise then made be legally replied to defendant's pleas.  The statute settles this point.  Rev. Code, 399; Vaughan v. Shelton, 40 Miss., 340.  The sixth and last replication is that suit on the

note was brought within six years and four days from its maturity. A promissory note is only entitled to three, and not four days of grace. The replication shows affirmatively that more than six years and three days had elapsed before suit, and thus admits the matter set up in the plea.

It was error to grant the plaintiff's first instruction, as it was also to refuse the defendant's third instruction. The proposition in the first was that the filing of the declaration was the commencement of the suit, that in the instruction refused was the converse. The suing out of the writ is the commencement of the action in this State. Angell on Lim., p. 321, § 312; Mandeville v. Allen & Burns, 21 Miss., 399. The second instruction asked by the defendant below was, "that if more than seven years had elapsed after the maturity of the writing obligatory, and before suit brought, then the law was for the defendant." The refusal of the court to give this, we think clearly erroneous. The second instruction asked for the plaintiff was, that if the claims were brought to the mind of the defendant so that he understood them to be the claims alluded to, then they would find for the plaintiff. This was equally erroneous. The *proviso* to the act is : " Provided, That the promise or acknowledgment, to save the bar, may be made without writing, if it be proved that the *very claim* sued on was presented and acknowledged to be due and unpaid." Hutch. Code, p. 832, § 16. There must be an *actual* presentation of the claim. A description, however precise, to bring it to the mind of the debtor, is not sufficient. Foute et al. v. Bacon, 24 Miss., 156; Briscoe et al. v. Anketell, 28 Miss., 370. The facts in this last case are almost identical with those in this.

*Hudson & Nye,* for defendant in error.

The court correctly sustained the demurrer of plaintiff below to defendant's fourth plea. The causes of action are *two* and *several.* One is a writing obligatory, the other a simple promissory note not under seal. Upon the first, no bar, save that of seven years, could attach; upon the second,

the bar of six years. Rev. Code, 400 and 499, arts. 5 and 6. The plea being to both causes, setting up the six years' limitation *to both*, was not issuable, and of course, bad. The declaration was filed on the 3d January, 1862. Sealed as well as unsealed promissory notes are entitled to days of grace. Skinner v. Collin, 4 How., 396; 40 Miss., 565. The action might have been brought on the 4th January, 1862, allowing three days of grace on each. The writ is not on file, but the testimony of the clerk, and of N. G. Nye, proves that a writ was issued, and strongly proves that it was issued on the 3d January, 1862. But we think the filing of the declaration in good faith on the 3rd January, was sufficient. That the first act of diligence in the suit suspends the limitation act, see Bacon et al. v. Gardner, 23 Miss., 60; see also Ballentine on Sim., 118; Johnson v. Hargraves, 2 Bun., 950; Morris v. Ellis, 7 Jurist; 5 Harrison's Dig., 938; Overstreet v. Marshall, 3 Call., 164; also, 9 Eng. Com. L., 57; 2 Danl. Ch. Pr., 476; Story's Equity Juris., §§ 750 and 752, note; ib. § 484. Looking to the distinctions here recognized, it must be obvious that the filing of the declaration was the commencement of the suit. The service of the writ, where its issuance is the commencement, is not necessary to arrest the statute. Burdick v. Green, 18 Johns., 14; 5 Cowan, 519; 14 Wend., 649; 4 Cowan, 158.

But suppose we are mistaken as to the law on this point, and as to the fact that the writ issued on the 3d or 4th of January, 1862, it is still not fatal to us. To the plea of the statute we replied, averring a promise to pay the notes within six years next before the 29th of January, 1862, when the statute was suspended and remained suspended until after suit brought. To this there was a demurrer, because the replication did not aver the subsequent promise to be in writing. Rev. Code, p. 401, art. 21. The demurrer was overruled and replication held good. By the proviso to that act, an acknowledgment to take the case out of the statute may be made without being in writing. There was such proof in this case by both N. G. Nye and D. W. Lamkin. What is a

presentation of the claim under this statute, is settled in the cases of Brady v. Dorety, 30 Miss., 40; Beasley v. Evans, 35 Miss., 192. The act of 1844 continues in force in all its parts as to cases arising under it. Briscoe v. Anketell, 38 Miss., 361; Rev. Code, p. 402, art. 26. The claim need not be actually presented to the eye, but if understood in the mind, and near at hand to be produced if required, is sufficient. 30 Miss., 40; ib., 361. See the case of J. S. Caruthers et al. v. Amos Herly, 41 Miss., 71.

The defense of payment and set-off needs but brief notice. No administration was ever granted on the estate of J. Lamkin, and the claim never was the property of D. W. Lamkin, and was clearly no set-off in this case. 1 John's Cases, 169; Ballard v. Dorsey, 7 S. & M., 9; 1 McCord, 7; 2 Sumner, 471; 3 McCord, 249; Breese, 197; 3 Blackf., 31; 1 Sten. & Hort., 19; 2 Yates, 208; 1 A. K. Marshall, 41; 4 Yates, 461; 3 Mendell, 400; 8 Conn., 325; Chit. on Con., 842; 2 John, 150; 2 Bibb., 86; Peck, 186; 14 S. & M., 300; 4 Rand., 359; 11 Mass., 140; 6 N. Hamp., 27; 12 S. & M., 252; 4 How., 370.

The claims sued on were the property of N. G. Nye, although under description of executor, etc., as settled in 2 How., 851; 6 S. & M., 259; 10 S. & M., 607; Falls v. Wilson, 24 Miss., 168, and were, therefore a debt due to N. G. Nye from D. W. Lamkin, individually. Even if he had been the owner of the set-off by transfer, or had been the administrator of J. Lamkin, it was not available as a set-off. 1 How., 95; 7 S. & M., 522; 1 S. & M. Ch., 191; 13 S. & M., 100; Merritt v. Leaman, 2 Seld., 168; Ketchum v. Miles, N. Y., 3 Wend., 400. The proof is clear that the claims were presented by Nye to Lamkin in 1858 and 1859, and by Lamkin admitted to be due, which took the case out of the statute for six and seven years, respectively, from the time of such acknowledgements. 30 Miss., 40. 35 ib., 192; and see Griffing v. Mills, 40 Miss., 611; Hill v. Boylin, 40 Miss., 619; Rev. Code, 402, art. 28; 28 Miss., 361; 35 ib., 102; 30 Miss., 40. There was no motion in the court below, or cause assigned for a new trial; and no notice will be taken here of any ruling or error not

excepted to these, as has been decided in many cases by this court. This disposes of the first error assigned here.

As to the ruling of the court on the defendant's demurrer to plaintiff's several replications, we have to say again, that the demurrer was a general, and not a special one, and the defect complained of could not be reached by a general, but only by a special demurrer, if demurrable at all. Writings obligatory are made assignable and negotiable as promissory notes by our statute, and are entitled to days of grace. See Rev. Code; 4 How. 396 ; 40 Miss., 565. It is insisted that the replication was bad because it alleged a promise within seven years and four days before suit, as to the writing obligatory, and six years and four days as to the promissory note. We hold that a note or writing obligatory has three entire days of grace ; and if due January 1st, 1860, cannot be sued on before the fourth day of January, the first, second and third days being the three of grace; nor can a bill of exchange accepted or payble at sight, or on a given day, be protested until the fourth day, unless that on Sunday, and then by custom, it must be protested on the preceding day. But if the replication was had in this respect, it was remedied by the rejoinder of the defendants, which excludes the four days, and presents only an issue of six years in one case, and of seven years in the other; and by the evidence and instructions for the plaintiff, it could not wrong or prejudice the defendant, as the promise is proved in 1858 or 1859, within three years, and the instructions for the plaintiff excludes the four days. This averment of four days occurs only in the 3d and 6th replications, and not in the 2d and 5th.

This court has decided that even though there was error in the court in ruling the law, yet if substantial justice has been done, and the verdict was right or unwarranted upon the facts of the case, it will not reverse for such an error. See 4 How., 296 ; 40 Miss., 565; 23 Miss., 60; Rev. Code, p. 402; art., 28.; Hutch. Code, 832, § 16; 30 Miss., 40; 35 Miss., 192; 28 Miss., 361; J. J. Caruthers v. Amos Henley, 41 Miss., 71.; 40 Miss., 619; ib., 611. The cases 24 Miss., 156,

and 28 Miss., 370, are overruled or disposed of by 30 Miss., 40; 35 Miss., 192, as applied to the law of 1844.

SIMRALL, J.:

Suit by Nye, executor of Wilson, to recover the amount due on a sealed instrument dated 12th of January, 1854, for $300, due 1st January, 1855, and also a promissory note for $150, dated January 1st, 1856, due one day after date. Declaration filed January 3d, 1862. Writ issued 23d January, 1866. Executed by the sheriff April 30, 1866. There was testimony showing that a writ was issued in 1862.

1st Plea : *Non assumpsit.*

2d Plea : To count on writing obligatory, that the action did not accrue in seven years.

3d Plea: That cause of action on the promissory note did not accrue in six years.

1st. Replication to the statute of limitation on bond, that the act of 1861 suspended suits, to which demurrer was sustained.

2d. Replication suspension of acts of limitations, 29 January, 1862, and that " said cause of action was presented to defendant, and by him acknowledged to be due and unpaid within seven years next before the 29th January, 1862."

3d. Replication that suit was brought on bond, on 3d January, 1862, and within seven years and four days, the plaintiff being allowed three days of grace.

4th. Replication to statute on note, that six years had not expired on 5th August, 1861, when by the statute the plaintiff was prohibited from suing, etc., to which demurrer was sustained.

5th. Replication of suspension of limitations by act 29th January, 1862, and that " note was presented to the defendant, and by him acknowledged to be due and unpaid within six years next before the 29th January, 1862."

6th. Replication that suit was brought on note within six years and four days from maturity of the note, to-wit: On 3d January, 1862, plaintiff being allowed three days of grace.

Demurrer by plaintiff to fourth plea, because the plea

embraces two causes of action, one on writing obligatory, the other on note, and six years is pleaded as to both, etc. Demurrer to fourth plea sustained—leave to answer over. Demurrer to first and fourth replications sustained, and to others overruled. There is demurrer by defendant to the replications to the second and third pleas.

Assignment of errors: 1st. Because the demurrer of defendant to plaintiff's replications was not extended back to the declaration. The argument of counsel in support of this assignment of error, goes on the predicate that the declaration is in *assumpsit*, counting on a sealed instrument, and on a promissory note, and that there is a fatal misjoinder of causes of action.

The declaration does not, on its face, profess to be *assumpsit*, and technically is not in that form of action. It has more of the characteristics of an action in debt than in *assumpsit*. This objection, however, is disposed of by article 78, page 491, of Code. "The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, etc., and if it contain sufficient matter of substance for the court to proceed on the merits of the cause, it shall be sufficient." This has been done by the pleader. He has set out facts which constitute a cause of action. He has not begun or concluded his pleading in the technical language, which is appropriate to either debt or *assumpsit ;* nor has he designated his suit as brought in either form. His statement of the "facts" constitutes a substantially good declaration in debt. It is good pleading in this form of action, to include counts on bonds with counts on simple contracts, the special requsite being for a sum certain. It was not error, therefore, to have joined the count on the writing obligatory, with a count on the promissory note.

2d. The second error assigned is to the decision of the circuit court in not sustaining the demurrer to second, third, and fifth replications of the plaintiff to the second and third pleas.

The second and fifth replications present the same point;

the former having reference to the time of suit on the sealed instrument, the latter on the note. These replications set up a suspension of statute of limitations by the, act of 29th January, 1862, " and that said causes of action were presented to, and acknowledged by the defendant, within seven years (as respects the bill single, and six years, the note), next before the 29th of January, A. D. 1862." Conceding that the statute of limitations, which governs in this case, is the act of 1844, as held in the case of Caruthers v. Hurley, 41 Miss. Rep., 72, the replications are not in the usual form. They do not state when the acknowledgement was made, whether before or after the bar had attached. But for matter of form, where there is enough of substance in the pleading which, if proved, would sustain or defeat the action, we are not at liberty to disturb the judgment of the court below. The third replication is, that suit was brought on the sealed instrument within seven years and four days ; and on the note, within six years and four days after maturity, the four days respectively being days of grace; that the suit was brought on the 3d day of January, 1862.

We think the demurrer ought to have been sustained to the replication to the plea, having reference to the count on the writing obligatory. Looking at the substance of this pleading rather than its form, we consider this replication as affirming that a suit brought on the writing obligatory on the 3d of January, A. D. 1862, was within seven years, from the accrual of the cause of action, because the instrument was entitled to three days of grace. If grace was allowable on this writing, the instrument falling due on the 1st day of January 1855, the seven years would expire on the 1st day of January, 1862. Add three days of grace, and the instrument would be due the 4th of January, 1862, and suit would be in proper time. But is this sort of obligation entitled to grace ?

In Skinner v. Collie, 4 How., 396, it was held that a bill single is entitled to grace. This judgment on the case before the court, may be correct. The suit was on a promissory note

under seal.  There are many reasons why bills single, which in no respect differ from promissory notes, except in the fact that they are sealed, should be put on the same footing as to endorsement, etc., as promissory notes and bills of exchange. But because the statute declares, " that all bonds, obligations, bills single, promissory notes, and all other writings for the payment of money or other thing, may be assigned by endorsement," and that assignee may sue in his own name, etc., it does not follow that all " bonds, obligations and other writings, for the payment of money or other things, are put in all respects, on the footing of inland bills of exchange."

We have examined the cases accessible to us referred to in 4 Howard.  In the case referred to in 2 Yerger, 576, the question of days of grace was not raised nor alluded to by the court.  The case referred to in 2 Porter, Ala. Rep., 461, puts the responsibility of the assignor of a bond under the statute law of that state.  The court say:  " If it be a bill of exchange, then the *lex mercatoria* governs.  If not, but a bond for example, then the liability is such as the statute law imposes, in force at the time of the endorsement.  It is important then, to inquire in every case, the nature of the instrument endorsed."  The court then go on to remark, " that bonds payable in bank are subject to the law merchant, by virtue of the act of 1832.  If the endorsement be under the act of 1828, entirely different responsibilities attach, such as are prescribed in the act."  In this case, days of grace are not referred to or discussed.

We believe that the true interpretation of our statute is, that the endorsement of bonds and other writings for the payment of money, or any other thing, does no more than pass to the assignee the legal title to the obligation or contract, with a right to sue at law, whilst the endorsement of " negotiable paper," such as is recognized by the law merchant as negotiable, carries along with it (in addition to the legal title to the paper), the responsibilities, as well as the indulgencies incident to an endorsement.  Of those indulgencies are days

of grace. If A, by writing, promises to deliver to B a horse on the first day of the month, is it the professional understanding that B has three days of grace after the month has expired within which to make delivery? If a party is obliged, by writing, to pay to another a hundred bushels of corn, and that contract is assigned to B, can B demand the corn and give notice to A and hold him as endorser under the law merchant? In the cases just supposed, must the party wait the expiration of the days of grace before he can sue for a breach?

The writing sued on is an obligation to pay money and do sundry other things. There might be several other breaches besides non-payment of the money, either of which would be a good cause of action. There was error in the first instruction granted the plaintiff. This instruction assumes that the filing of the declaration is the commencement of the suit. And if this be done within the time limited for suit the bar is avoided.

The law is more correctly stated in the third instruction requested by the defendant, but refused by the court. In Allen v. Mandeville, 26 Miss. Rep., it is said: "the issuance of the writ is doubtless the commencement of the action, citing 7 Ver. R., 429. But even in that case it was held not to be a good commencement of the action, unless the writ be afterward served." Angel on Limitation, p. 392, sec. 312, thus sums up: "The general rule appears to be, in this country, at the time of suing out the writ the action commences, either when the writ is delivered to the sheriff, or when sent to him with *bona fide* intention of being served." 3 John. R., 42–51; .ib. R., 323; 15 Mass., R., 859; 1 Serg. & Rawle, 236. If the original summons was lost or destroyed, it is competent by parol to prove the date of its issuance, and the date of its receipt by the sheriff. This was the writ that begun the suit, and not the one served on Lamkin in 1866. We deem it proper to remark, in reference to the second instruction given at the request of the plaintiff, that whilst it announces the law, as ruled in the case of Brady v. Doherty, 30 Miss.,

Rep., 40, it ought to be accompanied with explanations from the court, of what is meant by "a claim being present and ready to be presented." In the case cited, it is said "that the claim should be present when the promise or acknowledgedment is made, and the promise should be made with a full knowledge of that fact and of the identity of the claim." The "presentment of the very claim," evidently carries along with it the idea of a physical act. No case has gone further than to hold that the presentment may be dispensed with when the person to whom the promise or acknowledgment is made, has the claim with him ready to be produced, and the debtor knows it, but waives it, or at all events, does not call for it.

The language of the statute is: "The very claim sued on was presented and acknowledged," etc. This court has assimilated the act to be done in the presentment of the claim, to a "tender." The party must be ready with the money, and actually offer it to the creditor, unless the creditor waives it, or recognizing the presence of the money, dispenses with its production. These observations are made with a view to the testimony on this point in the bill of exceptions.

The evil intended to be remedied by the statute was to extricate the subject from the latitude and vagueness to which the courts had gone in sustaining indefinite and uncertain acknowledgments and promises to take cases out of the statute. Therefore, the main provision is, they shall be in "writing," provided, however, that "the promise or acknowledgment, to save the bar, may be made without writing if it be proved that the very claim sued on was *presented*, and acknowledged to be due," etc.

We are disposed to adhere strictly to the statute, and not by interpretation and construction to enlarge it. To do so would be to rush into the very evils the legislature attempted to cure. It was because, perhaps, of the initiation of a movement in the courts to enlarge by construction the literal requirement of the act of 1844, that in 1857 it was declared

that all these promises or acknowledgments, to continue or revive a claim, should be "in writing signed by the party to be charged thereby."

Let the judgment be reversed, a *venire facias* awarded, and a new trial had in accordance with the principles herein laid down.