## J. J. MILAM v. G. A. STRICKLAND.

ORIGINAL PROCESS — RETURN OF SERVICE — CASE AT BAR. — A return by a sheriff, indorsed on a summons, from the circuit court in these words and figures, viz.: "Executed on the within-named J. J. Milam (the person named in the summons), this Oct. 12, 1870, by personal service, copy waived," which was signed by the sheriff, is good, and a judgment by default on such return of service is valid.

ERROR to the circuit court of Marshall county. DAVIS, J.

The opinion of the court contains a full statement of the case.

*Walter & Scruggs*, for plaintiff in error.

The return of the sheriff on the original process in this cause is not sufficient to warrant a judgment by default. Article 64, Rev. Code 1857, p. 489, provides that "original process shall be served personally on the defendant if to be found, and a true copy thereof delivered to him."

An adult defendant has a right to waive copy ; we do not deny this, but we insist that this must be done in the usual way. Service may be acknowledged, but the proof must be made in open court. Copy may be waived, but the return of the sheriff is no evidence to the court. This is a fact which can, in no wise, have any connection with the sheriff's return. We respectfully submit that the return is insuffi-

cient, and the judgment of the court below must be reversed.

*Strickland & Fant,* for defendant in error.

The only error assigned in this case is defective service of summons. "The sheriff returns executed by personal service; copy waived."

There might possibly be something in this objection, should the case arise under the present Code, but under the law, which existed at the date of this service (the Code of 1857) there can be no doubt, we submit, that this is a good service. It is equivalent to acknowledgment of service proved in open court, as in this case the return of the sheriff is proof of the waiver, *"prima facie"* at least, and, unless contradicted or attacked, becomes conclusive. An adult defendant certainly has the right to waive any irregularity in the service, even if there were any irregularity in this service; if this is not so, then no formal answer or pleading in chancery proceedings, nor admissions in a court of law, or voluntary appearance in court would have the effect of binding a defendant. If the proposition contended for by counsel for appellant in this case be true, one-half, perhaps, or at least a large proportion of the judgments rendered in the courts of law in this state, since November, 1857, are null and void, many of which have been subjected to the scrutiny of the highest judicial tribunal of the state, and, though this exact point has never been decided by this court, the reason is apparent, that never before has it been regarded as tenable. We submit that neither the statutes, reason nor analogy justifies the conclusion contended for by the distinguished counsel for appellant.

TARBELL, J. :

George A. Strickland, guardian of the minor heirs of Patrick Bradley, deceased, sued J. J. Milam, in the circuit court of Marshall county, in debt on bond, for the recovery

of the sum certain therein specified. The sheriff returned the summons with the following indorsement: "Received day issued executed on the within-named J. J. Milam, this October 12, 1870, by personal service, copy waived," which he duly signed. Judgment by default being rendered against the defendant, the latter prosecuted a writ of error, alleging in this court, as the sole cause of reversal of the judgment, the insufficiency of the sheriff's return of service of process, and this is the only question submitted from decision.

This is a case of recent origin, and is presented by eminent counsel on both sides, notwithstanding the numerous adjudications on the subject under the Code of 1857, so much of which as applies to the case at bar is as follows: The summons "shall be executed five days before the return day thereof." Art. 62, Code, 488. The sheriff shall mark on all process the day of the receipt thereof by him, and he shall return the same with a written statement of his proceedings thereon. Art. 63, Code, 489, 1857.

"Original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him." Ib. art. 64. The leading, if not the first judicial construction of this statute, is that of Merritt v. White, 37 Miss. 438, wherein the return was "executed" simply. It was determined that this was insufficient, that the Code had changed the rule as to return of service of process; and that the sheriff must now return the process, "with a written statement of his proceedings thereon," whereas, by Hutch. Code he was required to "make due return thereof to the proper court." "This change," say the court, "is significant." In the course of the opinion in that case the following observations are made with reference to this subject: "The legislature appears to have considered this change expedient, and, we think, not without reason. The return of the sheriff upon process is an important matter to a party affected by it. As between the parties to the suit, it is conclusive upon him. It may be the means of depriving him of most valua-

ble rights; and it is important to him, if he should be com-. pelled to have recourse upon the sheriff for a false return, that it should be so certain and specific as to enable him, if it be false, to prove it so.   The more vague and general the return, the more is the right jeoparded. * * * The sheriff should not be permitted to state legal conclusions by way of return to process.   He is not to determine what is a legal service of process, but it is his duty to state facts, and leave it to the court to determine whether the process has been thereby executed according to law."   40 Miss. 500, and 41 ib. 553, were returns, merely of "executed" and "duly executed;" held, insufficient.   In 42 ib. 510, the return was, "executed by personal service," which was decided to be insufficient. A return of "executed in person and by copy," in 43 ib. 124, was sustained.   38 Miss. 98; ib. 544; 40 ib. 585; 43 ib. 172, 177, 225, were cases of attachment and garnishment, not strictly in point, but were for various causes held insufficient. In 41 ib. 563, the return to an attachment was "summoned the within-named defendant E. J. V.;" held, not a compliance with the requirements of the statute.

Our opinion of the case at bar is, that its solution is found in the language of art. 63, *supra*, requiring the sheriff to return process, "with a written statement of his proceedings thereon."   The sheriff returns, substantially, that he served the process personally upon the party, and tendered him a copy, which was declined or waived.   This is a "statement of his proceedings" upon the process; not as clear and precise as is desirable, but it is certain the defendant was notified of the suit against him.   In such way a party must suffer judgment by default from one of two considerations, either for causes which are excusable, or purposely, to assume the risk of a reversal of the judgment, upon such defects as he may be able to discover in the proceedings. The latter course is his legal right but it is a somewhat speculative mode of defense, entitling his case only to strictly legal consideration.   In this class of cases, we have reversed, when the return of the sheriff has been clearly

defective, but if a substantial compliance with the requirements of the statute appears; if the party has notice; and if, from the facts returned, we could fairly deduce the conclusion, even by reasonable presumptions in favor of a sworn officer, of a service according to law, we have in such a case held the return sufficient.

The duty of a sheriff in a case like this is the simplest that can arise. The law only requires him to make a personal service and to deliver a copy of the writ. Here is no complication or intricacy either in the service or return. Under the law requiring the officer to make a statement of his proceedings, he returns in this instance, a personal service and a waiver of a copy of process. Within the rule laid down to ourselves we hold this to be a sufficient compliance with the law, and the return one of which the defendant in the judgment cannot in justice complain, after intentionally suffering a default, without an application to set it aside upon an affidavit excusing the neglect and of a good defense on the merits.

As to the return of " copy waived" which is urged by counsel as entirely without authority; we may observe more distinctly than we have done, that the party had a right to waive a copy of the process. The statute requirement of a copy is for his own protection. If he chose to waive it, he ought not to be heard afterward to complain of the want of it. The sheriff first made a personal service, and the party waiving the copy required, the officer returned that fact as a part of his " proceedings" of service. If false an action will lie, and in sustaining the judgment we do not intend to create a precedent for the neglect or omission of any of the requirements of the Code as to service or return of process, nor, on the other hand, for the proof of facts by means of the sheriff's return which ought otherwise to be established.

We take occasion, as we have done heretofore, to admonish attorneys for plaintiffs in cases where there is no appearance on the part of the defendants, of their obligation to observe with care every part of the record, while the cor-

rection of errors is within their power, or under the control of the court wherein they occur.

*The judgment is affirmed.*