THOMAS CHRISTIAN v. W. H. O'NEAL et al.

| 46 | 669 |
| 74 | 228 |
| 46 | 669 |
| j83 | 259 |
| 46 | 669 |
| o84 | 28 |

1. MECHANICS' LIEN — COMMENCEMENT OF SUIT SO AS TO STOP THE RUNNING OF THE STATUTE OF LIMITATIONS. — The commencement of a suit to enforce a mechanics' lien is the filing of the petition, and not the suing out of the writ, as in ordinary suits at law.    Though a summons issued, if there was no petition filed, the suit was not begun.

2. FRAUD IN JUDICIAL PROCEEDINGS MAY BE ATTACKED. — It is admissible to attack judicial proceedings for fraud, and parol evidence is admissible to prove it.

3. CHANCERY — JURISDICTION — CLOUD ON TITLE. — Where, by agreement between the mechanic and defendant, a judgment was rendered in a suit to enforce the mechanics' lien, and the land and building ordered to be sold, and this was in fraud of the rights of a third person, who had acquired title to the land and building, divested of the lien: *Held*, that such third person could come into equity to vacate the judgment and enjoin a sale of the land and building under it.

4. RIGHT OF A LAWYER TO PURCHASE AT JUDICIAL SALE. — The fact that one is a lawyer does not abridge his right to purchase property at judicial sales, if he does not sustain any professional relation to any of the parties concerned.

5. INADEQUACY OF PRICE NO GROUND FOR AVOIDING A SALE. — Inadequacy of price is not of itself enough to avoid a sale.

6. PROCESS — DEFECTIVE SERVICE — JUDGMENT NOT VOID. — A judgment rendered upon a defective service of summons is not void, but is good for all purposes, until reversed on error.    A purchaser at a sale under execution on such a judgment is unaffected by the defect in the service of the summons, and by a subsequent reversal of the judgment.

7. FREEHOLDER SUED OUT OF HIS COUNTY — HOW TO TAKE ADVANTAGE OF IT. — If a freeholder and a resident of the county be sued out of the county of

his residence, and fail to apply for a transfer of the case, as provided by statute, the circuit court in which the suit is brought may properly render judgment.

8. DISMISSAL OF SUIT AS TO ONE OF TWO DEFENDANTS. — Where a suit was brought in the circuit court of Lowndes county against the drawer and acceptor of a bill of exchange, and the former was summoned in Lowndes county and the latter in Noxubee: *Held*, not to be error to dismiss the suit as to the defendant summoned in Lowndes, and take judgment by default against the other.

APPEAL from chancery court of Lowndes county. FOOTE, J.

The opinion of the court states all the facts of this case necessary to an understanding of the views of the court, except the particulars of the suit in which was rendered the judgment against E. P. Davis, under which appellant claimed title to the land by purchase at an execution sale. That suit was instituted in the circuit court of Lowndes county against D. H. Davis (drawer of the bill of exchange sued on), who resided in that county, and E. P. Davis, acceptor, who resides in Noxubee county. Summons to Lowndes was executed on D. H. Davis, and that to Noxubee was executed on E. P. Davis. The return of service was not good as to E. P. Davis. The suit was dismissed as to D. H. Davis, and judgment by default taken against E. P. Davis. It was argued that this judgment was void for want of jurisdiction in the circuit court of Lowndes county to render it against a citizen of Noxubee county, after dismissal as to D. H. Davis, who had been summoned in Lowndes county.

*James T. Harrison, E. T. Sykes* and *W. &. J. R. Yerger,* for appellant.

*Richard Evans,* for appellees.

Elaborate arguments in writing were filed by the several counsel, which are too long to be inserted here and too complete for abridgment by the reporter.

SIMRALL, J.:

Thomas Christian bought the premises in controversy at sheriff's sale, under a judgment recovered against E. H.

Davis by Walter & Fisher, 23d April, 1866.   Just before
the sale, the attorney for W. H. O'Neal proclaimed that his
client had a mechanic's lien on the premises and buildings
thereon against Davis, which was superior to that of the
·judgment ; that suit was pending to enforce it, and bidders
must take notice and buy at their peril.   The attorney for
Walter & Fisher denied the existence of such lien, and
affirmed that if it ever had force it had expired by the
statute of limitations.   The date of Christian's purchase was
the 22d of October, 1867.   Shortly after this sale, O'Neal
recovered judgment in his suit against Davis, founded on his
lien ; for the satisfaction of which the premises were con-
demned to be sold.   Some overtures for a compromise be-
tween Christian and Davis having failed, Christian brought
his bill in chancery against O'Neal and Davis, and Lore,
the attorney of O'Neal, assailing the proceedings and judg-
ment in O'Neal's suit against Davis, as fraudulent and void,
against the judgment under which he purchased.   These
defendants being united in a plot and conspiracy to use
the process of the law and the court as instrumentalities by
which a preference should be given to O'Neal's pretended
lien over the judgment, and thereby defeat the complain-
ant's title to the property.   Because of the fraud, and for
the further reason that the judgment of the court, pro-
nounced in favor of the lien, and directed a sale of the
premises, it was a cloud upon complainant's title, and that
part of the judgment directing a sale ought to be perpetu-
ally enjoined.   O'Neal's lien arose upon a contract to erect
upon the land a dwelling-house, at the price of $1,550.
The erection to be completed by a day named, when the
money was to be paid in cash, or by draft on Mobile, the.
1st January, 1861.   The work was done within the time,
and the debt became due 1st January, 1861.

It seems to be conceded that, if O'Neal's suit was brought
in time, i. e., six months after the money was due, then he
has the superior lien, although his judgment is junior
to that of Walter and Fisher.   "Such suit shall be com-

menced by petition." * * * Rev. Code, art. 6, p. 328. The defendant shall be summoned as in other actions at law. Ib. art. 8. The commencement of the suit is, the "filing the petition," and not the suing out of the writ as in ordinary suits at law. In chancery, the filing of the bill· is the bringing of the suit. Bacon v. Gardner, 23 Miss. 60. In ordinary suits at law, the mere impetration of the suit is not their commencement, "if the suit is abandoned, or if not made with the intention to have the same served or be pursued, it is no commencement of the suit." Day v. Lamb, 7 Vt. 428; Lamkin v. Nye, ex'r, 43 Miss. 252.

The certificate of the clerk, and his deposition, prove that there was no suit of O'Neal v. Davis, No. 11,290, on the docket at the April term, 1861. The summons purporting to have been issued 16th April, 1861, was not returned to the clerk, nor was there a suit to which it corresponded then on the dockets of the court; it was filled up and the number put on it in the handwriting of O'Neal's attorney. The last suit on the docket at April term, 1861, was 11,280. It does not appear that the writ was ever sent to or placed in the hands of the sheriff, or that any efforts were ever made to have this or any other writ served on Davis. If a petition was not on file, when this, or the writ of June, 1861, was issued, suit was not begun. In 1866, O'Neal obtained consent to substitute papers, for those which had been mislaid or lost, and thereupon presented a petition, which was filed as of April term, 1861. About the same time, Davis signed an acknowledgment and indorsed on the writ, that he had been served with summons in 1861, that he waived formalities, and consented to a judgment by default. These proceedings might be conclusive upon Davis, but they cannot be improvised and introduced into the record, unless true in fact, so as to affect liens and rights acquired by third persons. It is legitimate and admissible to attack judicial proceedings for fraud. Parol evidence may be received, to establish any fact, or series of facts, tending to show that

judicial proceedings have been abused, and perverted to an improper use, to defeat the rights of the contestant.

It is alleged by the complainant that O'Neal did not commence his suit by petition in 1861. If not so began, his lien has been abandoned and lost. The theory of the complainant is, that the leave obtained, in 1866, to substitute papers for those lost, is a mere device and pretext to preserve and perpetuate an expired lien. He asserts that there never was an original petition on file. If the fact be so, as against his rights acquired under the judgment of Walter & Fisher, no consent or agreement by Davis, that the lien may be set up, will defeat his title. If that fact be proved by parol, or by production of the record and parol together, it is a pregnant fact, tending to show the fraud complained of. We think this fact has been satisfactorily established. It was not in the power of the court, by permitting the petition to be filed as of the April term, 1861, so as to give it effect as of that term, under any rule of amendments. If there never had been an original there could be no substitution. Amendments may be made of mistakes of the clerk, or of the pleadings, but treating this petition, as introduced, as an amendment, it was wholly irregular and unwarranted. Russell v. McDougall, 3 Smedes & Marsh. 234; Boon v. Boon, 8 ib. 318. The proceedings had in O'Neal's suit, in 1866, were by consent and agreement between himself and Davis, in so far as third persons who had acquired interests in the property were concerned. The mechanic's lien, if there was one, of O'Neal, stood purely and exclusively upon its statutory basis. It was conferred by statute, and had such virtue and extent as the statute gave it. After it arose, upon the contract to erect the house, it could not be enlarged, extended or revised, by agreement and contract, to the prejudice of other persons acquiring liens or interests in the property. As between themselves, the parties could modify the contract as they pleased, but not so as to affect the rights of others. Brown v. Moore, 26 Ill. 425.

The chancellor dismissed the bill without prejudice to Christian's title in a suit at law. It is inferable that this decree was on the predicate that the bill did not discover that character of cloud which a court of chancery could remove ; that it was rather for lack of jurisdiction than of merits. We regard the bill as resting in part on fraud, in obtaining judgment on the mechanic's lien ; and in part on the ground that the judgment itself, inasmuch as it established a lien older than Walter & Fisher's judgment, and ordered a sale of the property for its payment, did create an incumbrance and cloud upon Christian's title, apparent and threatening, and which might be displaced. If O'Neal and Davis conspired to set up, against the property, a lien which has expired, and thereby overcome Christian's title, it was a fraud upon him which a court of chancery could circumvent and prevent, by enjoining a sale under the judgment. Because the same facts proved in an ejectment trial at law would enable Christian to prevail, does not oust the chancery court of its ancient, original jurisdiction in cases of fraud. Christian was the person at whom the mischief was aimed, he would sustain the injury if the plan succeeded, therefore he was the proper person to claim the intervention of the chancellor, to quash the proceedings and stay execution under them. A perpetual injunction against a sale of the land also effectuated a dispersion of the cloud, which the special judgment cast upon his title. See the authorities cited in the briefs.

The objection taken to Christian's capacity to purchase is unfounded. He sustained no confidential relation to either creditor or debtor, to the judgment under which he bought, nor was he legal adviser to either Davis or O'Neal in their suits. He stood, therefore, as indifferent to all the parties as any other person in the community ; and his right to purchase at judicial sales as broad as others, unless he bore a fiduciary, professional relation, which would or might give him an advantage over one or another party. Where such relation exists, a purchase may be voidable, at the suit

of the person toward whom there was the confidential, professional relation.   Inadequacy of price is not, of itself, enough to avoid a sale.   1 Story's Eq., §§ 245, 246, etc. ; Mitchell v. Harris, 43 Miss. 314.   The price was, doubtless, affected by the discussions between the attorneys of the conflicting creditors just before the sale, tending to involve the title in doubt.   But the complainant had no agency in these complications, and is not in anywise blamable, because the property did not bring more money.

It is argued that Christian is not the "true owner;" did not acquire the title, because the judgment under which he purchased was void.   1st. Exception is taken to the service of the writ on Davis ; the return of the officer is "executed, in person, on Davis."   While this is an irregular service (Strickland v. Milam, 45 Miss. 721), and for that reason avoidable upon writ of error, it is not void, but good for all purposes until set aside or corrected on error. Harrington v. Wofford, *supra*, p. 31 ; 41 Miss. 563.   This service shows that Davis had notice of the suit, and was sufficient to sustain the judgment.   Execution of an erroneous judgment by sale of property is valid, and transfers the title to a purchaser ; a subsequent reversal of the judgment does not divest the title.   Harrington v. Wofford, *supra*, and cases cited ; 25 Miss. 451.

A second objection is, that the suit ought to have been brought in Noxubee county, where Davis resided, instead of Lowndes.   If Davis was a freeholder and resident of Noxubee, he might, upon motion, have procured the transfer of the suit to Noxubee county ; if such application were not made, the circuit court of Lowndes county could, properly, entertain jurisdiction and give judgment.   Code, 1857, art. 32, p. 483.

Nor was it error to dismiss the suit, as to the other defendant, and take judgment against Davis.   Pool v. Hill et ux., 44 Miss. 306.

Wherefore, the decree of the chancellor is reversed and cause remanded.