MERIDIAN NATIONAL BANK ET AL. *v.* HOYT & BROS. CO. ET AL.

1. PRACTICE. *Filing of papers.*

Although marked filed, a paper is not filed, in the legal sense, until it has been delivered to the proper officer with the purpose that the usual steps shall be taken in reference thereto.

2. SAME. *Chancery court. Creditor's bill. Case.*

When the solicitor of the complainant in a creditor's bill hands the same, together with the exhibits contained under the same cover, to the clerk of the chancery court and causes him to mark the bill filed, and, after making a corresponding entry on his general docket, to inclose the same in a regular court wrapper, and thereupon tells the clerk, without giving any reason therefor, that he did not wish process to be immediately issued and desired to take the papers back to his office, and, in fact, then carried the papers away with him, the clerk charging him with them and refraining from issuing process, there has been no such filing of the bill, in legal contemplation, as will entitle the complainant to priority of lien, under ? 503. code 1892, over another attacking creditor who, in the interval of several days preceding the return of the papers and issuance of process, has, after learning the above facts, filed a like bill and had process issued thereon.

FROM the chancery court of Lauderdale county.

HON. N. C. HILL, Chancellor.

The opinion states the case.

*G. Q. Hall,* for the appellants.

Was the bill, in legal contemplation, filed on May 5, 1892, or, is it true, as contended, that it was not filed until the issuance of process on May 9 ? The language of the statute is that the creditor " shall have a lien upon the property described, . . . from the filing of his bill, except as against *bona fide* purchasers before the service of the process upon the defendant in such bill." Code 1892, § 503. Hoyt & Bros. Co. *et al.* do not belong to the excepted class of " *bona fide* purchasers."

In *Bacon* v. *Gardner*, 23 Miss., 60, and in *Christian* v. *O'Neal*, 46 Miss., 669, the difference is pointed out between the rule which obtains in courts of equity as to what constitutes the bringing of a suit, and in courts of law. In the former, the date of the filing of the bill marks the date of the institution of the suit; while in the latter, the date of issuance of process is the date of bringing the suit. The officer's certificate of the filing is the best evidence of such filing. *Peterson* v. *Taylor*, 15 Ga., 483; *Bettersen* v. *Budd*, 21 Ark., 580; *Engelmore* v. *State*, 2 Ind., 91. What would be a sufficient filing of a court paper might not be sufficient filing under registry laws, and for obvious reasons. Our later registry statutes employ language that indicates what is sufficient filing thereunder, to wit, "lodge" with the clerk and "deliver" to the clerk. Sections 2457, 2459, code of 1892. The grantee fully acquits himself of all duty imposed by law when he lodges the deed with the clerk for record. *Mangold* v. *Barlow*, 61 Miss., 593. The use of such terms as "lodge" with and "deliver" to the clerk in the recent statutes seems to result from the decisions of this court declaring what is sufficient to be done in order to amount to a legal filing under registry laws. As, for example, under the agricultural lien law of 1867, where the contract was not required to be recorded, but only to be enrolled, that is to say, a brief summary to be made "to guide the inquirer to the knowledge of the names of the creditor and debtor, the amount of the debt, when due, and when the contract was filed," the court held that the lodgment of a paper, or a copy thereof, in the clerk's office was necessary. *Cooper* v. *Frierson*, 48 Miss., 300.

Under the present statutes providing for filing and recording of a certain class of contracts, the language used is that they shall be lodged with and delivered to the clerk, there to remain until duly recorded. After a record is made of it, it may, of course, be withdrawn, which withdrawal does not defeat the former filing. But under those acts, which did not require a

recording of the instrument, the filing was effectual only so long as the paper was left in the custody of the clerk for the inspection of the public. Such papers are the property of individuals, and may be withdrawn at pleasure, hence the necessity for the requirement that the original or a copy should be left in the clerk's office, in the one instance, or until recorded, in the other instance, for the information of all sought to be bound by anything contained therein. But court papers, when filed, become the property of the court, and not of the litigants. Every such paper is required to be marked filed, and the date of filing to be indorsed and entry thereof made in the general docket, and the style and number of the cause entered, and the papers filed in the cause are required to be kept in the same package or file, and the clerk is prohibited from suffering any paper so filed to be withdrawn save by leave of the court, and then only by retaining a copy. Code 1892, §§ 463, 634.

Whether the term withdrawal has reference to withdrawing from the files, or taking the file of papers from the clerk's office by counsel engaged in the cause for examination or other purpose, is immaterial. When the paper is once put into the possession of the clerk, and indorsed filed, and entered on his docket, as the clerk did in this case, the paper becomes the property of the court—a record of the court—which neither clerk nor court can permit to be withdrawn without retaining a copy. As to what is a sufficient filing, see, also, *Swan* v. *Rary*, 2 Blackf., 291; *Beebe* v. *Morrell*, 76 Mich., 120; *Johnson* v. *Crawfordsville, etc., Railroad Co.*, 11 Ind., 280.

*Witherspoon & Witherspoon*, for the appellees.

Our position in this case is, that appellants' bill was marked filed but never filed. There was no lodging of the paper with the clerk, nor was it such a filing of it as gave the complainant any lien upon the property. The reason of the law requiring the bill to be filed before any lien is obtained thereby, is that the lien may be public and not secret, and therefore a paper

creating it should be .in a public place selected by the law as the place where any person interested might go and examine it for himself. The meaning of the word "file," as applied to legal documents, is clearly defined by § 463, code 1892, and § 1809, code 1880, where it is provided that all papers and pleadings filed in a cause shall be kept in the same file and all the files kept in numerical order, showing that, in the sense of a statute, the filing of a paper means to put it with the other papers in the case and keep them together in the office of the clerk. But in order that there might be no mistake about the meaning of this requirement of the law, the same section further provides that the clerk shall not suffer any paper, so filed, to be withdrawn but by leave of the chancellor, and then only on retaining a copy, to be made at the cost of the party obtaining the leave. This is the law with reference to filing a bill, and we do not understand how the appellant could violate that law in every letter, could fail to have its pretended bill kept in the same file with the other papers, should fail to keep the file in numerical order, should fail to leave or lodge the paper with the clerk at all, but should keep the paper in its own possession, without obtaining the leave of the chancellor and without giving the clerk a copy of the bill, and, after all this violation of the law with reference to the filing of its bill, claim that it had filed it, and, by filing it, had obtained a superior lien. In order to obtain the creditor's lien, it was necessary that the appellant should file its bill as the law required, and, having failed to do this, its bill was never actually filed until the tenth of March, when it was returned to and lodged with the clerk, which was after appellees' lien had attached.

*J. S. Ham*, on the same side.

The evidence does not show such a filing of the bill of the Meridian National Bank as was necessary to create a lien upon the property of the Acme Lumber Company. No paper can be considered as filed until it has been delivered to the proper

officer, and by him received, to be placed and kept on file in his office.    See *Beebe* v. *Morrell*, 15 Am. St. Rep., 288, and the extended and interesting note to the case, p. 294 *et seq.;* *County Commissioners* v. *State*, 12 Am. St. Rep., 183, and note to pp. 189, 190.

Argued orally by *G. Q. Hall*, for appellants.

WHITFIELD, J., delivered·the opinion of the court.

The question which lies at the threshold in the decision of this case is whether the bill. of appellant was filed, within the contemplation of law, on May 5, 1892.    The facts are these: On May 5, 1892, appellant's counsel took the bill and the exhibits in one cover to the chancery clerk, and had him indorse on the bill the word " filed," etc., and the clerk made a corresponding entry in the general docket, and prepared a regular court wrapper, and put it around the papers.    But counsel immediately took the bill and exhibits back to his office, telling the clerk that he did not wish process issued then, but not giving him any reason for not issuing process.    The clerk charged the counsel with the papers in his attorney's docket.    The bill was kept by counsel in his office until the ninth of May, when he returned the bill, and process was issued and served on the tenth.    In the meantime, on May 7, 1892, counsel for appellees took their bill to the clerk of the chancery court, and it was filed on that day, and process issued and served that day. Said counsel had, on the fifth of May, gone to the clerk's office, to see what bill, if any, had been filed, and was told a bill had been filed by counsel for appellant, and was shown the entry on the general docket, and informed that the papers were at the office of appellant's counsel:    These are all the facts bearing on this question.

The code of 1892, § 463, provides that the clerk ·" shall not suffer any paper so filed to be withdrawn. but by leave of the chancellor, and then only by retaining a copy, to be made

at the costs of the party obtaining the leave. All the papers and pleadings filed in a cause shall be kept in the same file, and all the files kept in numerical order.'' In *Cooper* v. *Frierson*, 48 Miss., 310, in construing the clause under the agricultural lien law of 1867, '' he must file the contract, or a copy thereof, in the clerk's office,'' the court said: '' The statute is not satisfied by the indorsement on the contract that it was filed, if the creditor withdraws it, and keeps it. . . . The term ' filing ' imports that the paper shall remain with the clerk as a record, subject to be inspected by those who have an interest in it, and to be certified by him as any other paper properly lodged in his office and committed to his custody. It is admitted that Frierson's contract was not, in this sense, ' filed ' in the clerk's office. It follows, then, that he has no lien.''

Anderson's Law Dictionary defines the noun ''file'' as follows: ''At common law, a thread, string, or wire upon which writs or other exhibits are fastened for safe-keeping and ready reference.'' And the definitions of Webster's International Dictionary and the Century Dictionary are to the same effect. The verb Anderson thus defines: '' To leave a paper with an officer for action or preservation;'' and he adds: ''In modern practice, the file is the manner adopted for preserving papers. The mode is immaterial. Such papers as are not for transcription into records are folded similarly, indorsed with a note or index of their contents, and tied up in a bundle—a file.'' Webster quotes Burrill, as follows: '' To file a paper on the part of a party is to place it in the official custody of the clerk. To file on the part of the clerk is to indorse upon the paper the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern.'' Mr. Freeman, in a learned note to *Beebe* v. *Morrell* (Mich.), 15 Am. St. Rep., 295 (42 N. W., 1119), thus sums up: '' Filing consists simply in placing the paper in the hands of the clerk, to be preserved and kept by him in his official custody as an archive or record, of which his office becomes thenceforward the only proper re-

pository; and it is his duty, when the paper is thus placed in his custody, or filed with him, to indorse upon it the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern; and that is what is meant by filing the paper. But, when the law requires a party to file it, it simply means that he shall place it in the official custody of the clerk. This is all that is required of him; and, if the officer omits the duty of indorsing upon it the date of the filing, that will not prejudice the rights of the party. This seems to be universal in its application to all documents, of whatever nature, which the law requires to be filed,'' citing many authorities, to the following among which we especially refer: *Holman* v. *Chevallier*, 14 Tex., 339; *Bishop* v. *Cook*, 13 Barb., 329; *Phillips* v. *Beene's Admr.*, 38 Ala., 251.

In *Pfirmann* v. *Henkel*, 1 Ill. App., 145, cited in 7 Am. & Eng. Enc. L. (1st series), 962, the case was this: ''A certificate and affidavit required to be filed under a limited partnership act, were sent by a messenger to the clerk's office, and there presented for the purpose of being filed. The deputy clerk, to whom they were presented, instead of retaining them, by mistake added a certificate of the official character of the notary before whom they were acknowledged, and returned them to the messenger, by whom they were carried away. Several months afterwards they were returned to the county clerk's office and properly filed. As against a creditor whose debt accrued before the papers were returned to the clerk's office, it was held that the first presentation of them did not constitute a filing. ''Filing a paper,'' said the court, '' *ex vi termini*, means placing and leaving it among the files. The memorandum indorsed by the officer in whose custody it is placed is merely evidence of the filing, and not the filing itself.''

We close the citation of authorities with the result in modern practice, as stated by Mr. Freeman in the note above referred to (page 294, vol. 15, Am. St. Rep.): ''The word ' file ' is

derived from the Latin '*filum*,' signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers upon a thread or wire for safe-keeping. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer, who anciently put it upon the thread or wire; and accordingly, under the modern practice, the filing of a document is now generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it, and the receiving of it by the officer, to be kept on file. The most accurate definition of filing a paper is that it is its delivery to the proper officer, to be kept on file."

In *Christian* v. *O'Neal*, 46 Miss., 672 (a case of an attempt to enforce a mechanic's lien, in which, as in a chancery suit, the filing of the petition is the commencement of the suit), it was said: "If a petition was not on file when this or the writ of June, 1861, was issued, suit was not begun."

We have quoted thus largely from the authorities, because the determination of this point will be decisive of the case. It is clear that marking the paper "filed" is not filing it. A paper may be marked filed, and yet not be in fact filed; and a paper may be in fact filed, though not marked filed. And the entry on the general docket does not constitute filing. All these indorsements of the clerk are evidence, but not conclusive evidence, of a filing. Whatever the nature of the paper, it can only be filed by delivering it to the proper officer, to be by him received and dealt with in the manner usual with the particular character of paper. If a deed, for example, or other paper required to be recorded, it must be kept by the clerk until recorded; if any paper, in respect to which a statute requires the original or a copy to be filed, the original may not be withdrawn till a copy has been filed. If a bill in chancery, it must be delivered to the clerk, to be by him received, indorsed, and dealt with in the manner usual with such bills. It must be delivered and recorded with the purpose of having process issue in due course.

Suits in chancery begin, of course, from the filing of the bill, and at law from the issuance of process, under the code of 1857 (for present practice, see § 670, code of 1892); but just as, under code of 1857, at law, the suit is not begun, though process be issued, unless it is intended that it be served as in regular course (*Lamkin* v. *Nye*, 43 Miss., 252), so, in equity, the suit will not be begun unless the bill is delivered with the purpose that the usual steps shall be taken.   In the one case, there is no issuance of process, and, in the other, no filing of the bill, within the meaning of the law.   Clearly, there was no such filing here.   The error of counsel for appellant was in supposing that merely having the bill marked ''filed,'' and placed in a court wrapper, or docketed, without more, and with the declared purpose that the process should not issue, would constitute filing, because of the rule that in chancery the suit is begun by the filing of the bill.   But the filing meant, as we have shown, must be a filing in the legal sense, with the purpose that process and all usual steps shall follow in due course. *Lamkin* v. *Nye*, 43 Miss., 252, explains the principle.   It is not necessary to decide whether the provision in our statute against withdrawing papers (§ 463, code 1892) means to prohibit the taking out of a pleading by counsel for examination, except on the terms named in the statute, or whether withdrawal means permanent withdrawal from the files.

It is doubtless true, as suggested by learned counsel, that it is the custom for attorneys to take out pleadings, giving their receipt, and usually no question would arise, as the instances are rare in which the priority of a lien is determined by the filing of a particular pleading.   But we desire to be understood as deciding nothing on this precise point, resting our decision in this case on its own facts.   We cannot hold that what was done with this bill constituted a filing of it, under the general rule as to the filing of pleadings, nor under the terms of this statute, without deciding that the mere marking upon a pleading of the word ''filed,'' etc., and a docket entry thereof, and

a placing momentarily of the bill in a court file, without more, in a cover, where it was at once handed back and taken away, and kept away until another bill had been filed regularly, with the direction not to issue process added, constitute filing; and this, manifestly, is in the face of all principle and of all the authorities. We have gone carefully through all the questions in the case, but it is unnecessary, in the view we have taken, to remark upon them.

*Affirmed.*