JOHN BACON et al. *vs.* JESSE GARDNER et al.

The filing of the bill, and not the issuance of the process, is so far the commencement of a suit in the chancery court, as to stop the running of the statute of limitations.

The rule is different in regard to *lis pendens*, as against a stranger's purchasing the property in litigation during the pendency of the suit. In such case, there must be an issuance and service of a *subpœna*, in order to constitute the *lis pendens;* but as to the party defendant, the issuance of the *subpœna* is sufficient.

IN error from the superior chancery court; Hon. Stephen Cocke, chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*Geo. S. Yerger,* for plaintiff in error.

It has been settled in equity that filing of the bill is the commencement of the suit. *House* v. *Peck,* 9 Eng. Comm. L. R. 57; 2 Daniel's Ch. Prac. 746; Story's Eq. Jur. § 750–752, in note; Ib. § 484.

*R. S. Holt,* for defendant in error,

Contended the decision of the court below was correct, and to sustain his position, cited Ang. on Lim. 350; 9 Paige's Ch. R. 512; 1 Ib. 564.

Mr. Justice CLAYTON delivered the opinion of the court.

The only question arising upon this record, is whether in a suit in equity, the filing of the bill stops the running of the statute of limitations, or whether the issuance of process also is necessary to constitute the commencement of the suit.

The Act of Limitations of 32 Henry 8, computes the prescription from the time run, before the test of the writs therein mentioned. But the statute of James, from which in this respect ours is a copy, does not contain this provision, but leaves it to every court to say, " What act of the party commences the suit." Angell on Lim. 333, n.; Ballantine, Lim. 118; *Johnson* v. *Hargreaves*, 2 Burr. 950. In the latter case Lord Mansfield said : " The statute is negative, and prohibits that which must be the act of the party ; be the form as it may, the suing, commencing, or bringing an action must be by some act of the party ; and that is the thing prohibited, after the expiration of the limited time." And in the same case, he says in effect, that the first step towards recovering his debt by action, is an act of diligence of the party, which, if taken in time, saves the bar, and prevents the running of the statute.

So in *Overstreet* v. *Marshall*, 3 Call, 164, the order of the judge for the writ of *supersedeas* was held to be the true commencement of the proceeding, in order to prevent the running of the statute.

The only case in which we find the point here made, to have been directly decided, is *Morris* v. *Ellis*, 7 Jurist, cited 5 Harrison's Digest, 938. It is there holden that the filing of the bill within the six years, although the *subpœna* be not sued out until after the expiration of that period, is sufficient to prevent the operation of the statute.

The second rule of the superior court of chancery in this State, whose decree this is, directs " That no process to bring in a defendant to answer, shall issue but upon bill filed." By this rule, the bill is made the foundation of the process, and must be regarded as the commencement of the suit.

The rule in regard to *lis pendens*, cited in argument from

9 Paige, 512, does not fairly apply. In regard to purchasers of the property in litigation during the pendency of the suit, the doctrine has always been regarded as a hard one, and hence a service of the *subpœna*, as well as its issuance, is deemed requisite to constitute such pendency. See *Sorrel* v. *Carpenter*, 2 P. Williams, 483. As to the party defendant, the issuance of the *subpœna* is of itself sufficient to constitute such pendency.

In the English court of chancery, until the statute of 4 Anne, ch. 16, § 22, it was not necessary for the complainant to file his bill, before the issuing and service of the *subpœna*. It would hence seem to follow, that the doctrine on this subject, as well as in regard to the statute of limitations, had its origin in reference to the first step in the cause, taken to enforce the rights of the party.

We hold, therefore, that the filing of the bill in this instance was so far the commencement of the suit, as to prevent the running of the statute. The decree of the chancellor dismissing the bill must consequently be reversed, and the cause remanded for further proceedings.

Decree reversed and cause remanded.