## WILLIAMS *v.* N. Y. LIFE INS. CO.

[96 South. 97.   No. 23191.]

1. INSURANCE. *Misrepresentation by insured in application held a material fact entitling insurer to cancellation of policy.*

   Where the application for a life insurance policy is made a part of a contract of insurance, and the applicant has therein stated that his answers to the question were true and are material to the risk, and therein states that he has neither consulted nor been treated by a physician for any ailment or disease within the last five years, and where the testimony shows that ten days previous to the application for insurance he called a physician to prescribe for him, at which time he was sick either with influenza or some other disease, and from which illness he never completely recovered, this was a misrepresentation of the material fact, for which the insurance company is entitled to the cancellation of the insurance contract.

2. ACTION. *Suit in chancery begun when bill filed with clerk.*

   A suit in chancery is begun when the bill is filed with the clerk of the chancery court.

APPEAL from chancery court of Leake county.

HON. T. P. GUYTON, Chancellor.

Suit by the New York Life Insurance Company against Pensie Williams. From a decree for plaintiff, defendant appeals. Affirmed.

*Byrd & Byrd,* for appellant.

The doctrine that statements made by the insured on the question of health, when the policy is payable to a third person, are inadmissible, is as well settled in this state as any proposition of law can be. The Mississippi case on this point is *The Grangers' Life Ins. Co.* v. *Mary W. Brown,* 47 Miss. 308. 1 Ruling Case Law, page 506.

The third assignment of error is that "The decree of the court is against the law of the case." The insurance company, in this case, contends that the answers to certain inquiries were false, as to whether he had been at-

tended by physicians or not. The mere fact that he answered that he had not been attended by a physician when in fact and in truth he had been is immaterial and does not avoid the policy unless it is shown by the clearest and most convincing proof that he was affected with some serious ailment that would materially impair his health and shorten his life and that when he made the answer to the interrogatory he knew that he was affected with a disease of that character. This is declared by the supreme court of the United States, in the case of *Emilie Miller* v. *American Life Ins. Company,* 28 L. Ed. (U. S.) p. 447. The books abound in authorities announcing the same doctrine.

There is another serious question in this case, in this connection, and that is whether or not the appellee is bound by the acts of its medical examiner, Dr. Stribling. This record shows that the assured, George Washington Williams, submitted himself to Dr. Stribling, who testified that he made a thorough examination of Williams and that he found no trace whatever of any serious disease. The insurance company is bound by his report, unless Williams knowingly and intentionally perpetrated a fraud upon him. At page 1133, Vol. 14 of Ruling Case Law, we find this laid down as the law under these circumstances: "An insurance company is bound by the act of its medical examiner in reporting an applicant to be a fit subject for insurance, unless he was purposely misled by the applicant, and inveigled into recommending him as a fit subject for insurance, when but for such deception he would not have done so." This seems to be the law as announced by all of the authorities.

A summons must be issued before a suit can be considered commenced is a rule which is expressly upheld by this court. See *J. A. Green* v. *Board of Supervisors,* 58 Miss. 337. In this case the court holds that it is a question of fact as in the present case. But we think the proposition is forever set at rest by the decision of this court in the case of *Stewart* v. *Pettit,* 48 So. 5, wherein the court

said: "The general rule seems to be clearly settled that a suit is not commenced until summons has been issued."

The Mississippi cases cited by counsel for appellee to-wit: *Bacon* v. *Gardner, Allen* v. *Mandeville,* and *Maddo* v. *Jones,* have no application here because they were rendered when he had a statute on the question as to when a suit is considered commenced, but now we have no statute. Consequently the rule just quoted which is the general rule, must prevail. We fail to find the case of *Supert* v. *Dillard,* cited by appellee; there is no such case as that in the 58th Mississippi as we are able to find.

Counsel in this brief states that the record shows that we fail to deny certain allegations of the bill. Now we respectfully submit that counsel is mistaken as to this, our answer shows that we denied every allegation of the bill material to the question at issue and we respectfully refer to the bill and answer as shown by the record.

We earnestly insist that this case should in view of the facts, be reversed and dismissed.

*A. H. Longino,* for appellee.

Since, then, the appellant in her assignment of errors has defined and limited the issues to be considered and passed upon by this court, I beg to direct attention to the facts bearing upon these issues respectively: First: The contract carries the following very plainly expressed provision, "The policy and the application therefor constitute the entire contract." R. p. 14. Second: In his application for the policy the said George W. Williams therein represented to and agreed with appellee that the insurance applied for should not take effect unless the policy was delivered to and received by him while he was in good health. p. 66.

The court's attention is here directed to appellant's answer admitting that the insurance applied for was not to take effect, until after payment of first premium and the policy received by him during his lifetime and good health. p. 34. In truth the only issue of fact made by the

pleadings in the cause is upon the single question as to whether or not the said Williams was in good health when he received the policy, for the reason the bill charged that the said George W. Williams in his said application represented and agreed with appellee in substance and effect that he had never suffered from any ailment or disease of any kind and that he had never consulted or been treated by a physician for any ailment or disease whatever. Appellee's bill charged that the said answers made by Williams to the medical examiner as above quoted were not true, but on the contrary he had, prior to said examination, suffered from the disease of influenza and chills and fever, and that he had been treated by Dr. T. V. Horn and Dr. P. B. Russell and that he was not at the time of his said medical examination in good health but was both at that time and the time when he received the policy suffering from a disease of the lungs.

The appellant's answer utterly fails to deny these allegations of fact in the bill of complaint, but simply denies that Williams in his examination "represented" and stated to the appellee the facts alleged in the bill as aforesaid. p. 34. By her failure therefore to make reply to said allegations of facts she, by the rules of pleading, admitted the same and thus was sustained the charges that the policy was obtained by false and fraudulent representations as to his health and insurability.

The introduction in evidence pages 50-1-2-3 of the original applications and medical examination proved conclusively the representations were in fact made by him as charged in the bill and no proof whatever was offered in denial of the same. The appellee maintains therefore that under the pleadings, the only question of fact upon which it became necessary to introduce evidence was as to whether or not the insured was in good health when he received the policy.

In other words however to determine this fact, proof was made by appellee that his health was bad from the 10th of October, 1918, until and at the time of the deliv-

ery of the policy and that it continued so to the time of his death.

SYKES, P. J., delivered the opinion of the court.

The New York Life Insurance Company by bill in chancery seeks to have declared null and void a policy of insurance, upon the life of George W. Williams, deceased, in which policy the appellant is beneficiary, upon the grounds of misrepresentations made by deceased in his application to the company for the issuance of this policy.

The policy provides that it shall be incontestable after two years. The suit was brought within the two years in the chancery court, but the subpoena for the defendant (appellant) was not issued or served until the expiration of this time.

In the application for this policy the insured stated, among other things, that he had not consulted a physician for any ailment or disease or been treated by one within the last five years. He further agreed in this application that all of his answers were full, complete, and true, and that he understands and agrees that they are material to the risk and that the company relies and acts upon them in issuing the policy. The testimony shows that ten days before the application for the insurance was made, the deceased had a physician call at his home to examine and treat him, at which time the deceased was sick, suffering with some lung trouble, either influenza or tuberculosis; that practically from that time on he continued ill until his death. The record really indicates that he had tuberculosis. Several doctors and other witnesses testified to his illness. This testimony was in a way contradicted by that for the defendant.

Under this testimony the chancellor was warranted in decreeing that the above representations, or answers of the deceased in his application for this policy, were untrue, and the contract provided that they were material to the risk.

It is further contended by the appellant that the policy was incontestable because a subpoena was neither issued nor served upon the defendant until the expiration of the two years within which the policy may be contested.

This court has uniformly held that a suit in chancery is begun when the bill is filed. *Bank* v. *Hoyt & Bros.*, 74 Miss. 221, 21 So. 12.

The decree of the lower court is affirmed.

*Affirmed.*