SWALM *v.* SAULS.[*]

(Division B.   Jan. 25, 1926.)

[106 So. 775.   No. 25314.]

1. EQUITY. *Has jurisdiction of apportioning burden of common lien or charge to which property owned by several is subject.*
   Equity has jurisdiction to apportion between the owners of property the burden of a common lien or charge to which it is subject.

2. TAXATION. *Owner of one of two lots together assessed and sold for taxes held entitled to maintain suit against individual purchaser to redeem.*
   An owner, by reason of mortgage foreclosure after tax sale, of one of two separate lots assessed *in solido* and sold together

for taxes, may maintain suit in equity against the individual purchaser at tax sale, to determine the amount necessary to redeem complainant's lot, and to redeem it; defendant having erroneously insisted it could not be redeemed alone.

3. Taxation. *Owner of only one of two lots assessed and sold together may redeem it alone from individual purchaser.*

Owner of only one of two lots assessed *in solido* and sold together for taxes is entitled to redeem it alone from individual purchaser at tax sale.

4. Taxation. *Running of statute limiting time to redeem stopped by suit to redeem against individual purchaser.*

Running of statute limiting time to redeem from tax sale is, like any other statute of limitations, stopped by commencement within redemption period of suit to redeem against individual tax sale purchaser.

5. Limitation of Actions. *Filing of bill, with request for summons, is commencement of suit, stopping running of statute.*

Filing of bill, with request for summons, which request is implied, if contrary is not expressed, is commencement of suit, stopping running of statute.

6. Taxation. *That sum paid to redeem one of two lots assessed and sold together was sufficient, established by undenied allegation of bill.*

That sum paid by complainant to redeem one of two lots together assessed and sold for taxes was sufficient for that purpose is established by the undenied allegation of the bill to redeem that the amount so paid by complainant was more than its just proportion of the amount necessary to redeem both lots.

---

*Corpus Juris-Cyc. References; Equity, 21 C. J., p. 119, n. 52, New; Limitation of Actions, 37 C. J., p. 1056, n. 80; Taxation, 37 Cyc., pp. 1382, n. 83, New; 1389, n. 28, New; 1419, n. 56; 1420, n. 68.

Appeal from chancery court of Lincoln county.

Hon. V. J. Stricker, Chancellor.

Suit by M. N. Sauls against F. S. Swalm. Decree for complainant, and defendant appeals. Affirmed.

*H. Cassedy,* for appellant.

The lots were assessed together to the owner at a lump valuation, two hundred fifty dollars for the land

and five hundred dollars for buildings and improvements. There was but one assessment, and the party to whom the lots were assessed owned them. It was his duty to pay all of the taxes, and if he desired to redeem them from the tax sale, it was his duty to pay all of the redemption money required. He could have no right to divide the property up into parcels, and then fix the value of each parcel and redeem one parcel. The value had been fixed by the assessor as a whole, representing the whole amount of property in this block assessable to the owner.

The valuation upon the whole property was indivisible as it appeared on the assessment roll. The whole interest in the property was in Connor, the appellee acquiring a part after the sale of the whole for taxes. The record, therefore, does not present a case of several properties owned by several individuals separately, assessed to one of them, nor does it present a case where the assessment roll itself shows that it can be separated and valued at a uniform price per acre. To separate the lots, and place a valuation upon each of them, is not left to the tax collector. The owner when the rolls were filed, or afterwards if he had desired, should have petitioned the board of supervisors, in this case, to make the separation and valuation. The clerk is given no such authority by the statutes. The same procedure should have been had before the board of mayor and aldermen at the proper time. The city clerk is not clothed with any such authority, neither is the city tax collector in a case of this kind. Sauls, the appellee, had no joint or undivided interest in the whole property sold for taxes; his only interest was in one parcel, and he claimed to own that parcel himself.

It has never been held, so far as I can find, that a tax collector has the authority to divide an assessment made as a whole. See *Speed* v. *McKnight,* 76 Miss. 723; *Coburn* v. *Crittenden,* 62 Miss. 125; *Moores* v. *Thomas,* 95 Miss. 644; *House* v. *Gamble,* 78 Miss. 259; *North* v. *Culpepper,* 97 Miss. 730, 53 So. 419. On the connection of redemp-

tion, in connection with the foregoing, see *Hewes* v. *Seal,* 80 Miss. 437.

The precise question presented in the instant case has not been before this court, as I can find. I have cited the authorities holding that the tax collector could not sever an assessment made as a whole, and sell the parcels so served for the *pro rata* tax; and authorities holding that where several parcels are assessed as a whole belonging to different persons, and the assessment is for a uniform value per acre, the tax collector was permitted to receive the taxes for a part, and sell the balance for the balance of the taxes due, all being based upon a uniform assessment per acre or per lot. These authorities have been cited for the purpose of showing the prescribed limits of the officers in respect to tax sales and in order to throw some light, by analogy, upon the legal right of the clerk to separate parcels sold as a whole and allow a redemption of only a part sold as a whole. Of course, if the tax collector sold several separate parcels, separately assessed, and included all in one tax deed, the procedure would be simple as indicated in *Hewes* v. *Seal.* But where the separate parcels are included in a whole on the assessment roll, and valued *in solido,* there would be no way for the clerk to determine the *assessed* value of any one of the parcels except to make inquiries, view the premises, or take the word of the party desiring to redeem a part, and I do not understand that the clerk is given any such discretion under the laws of this state. His duties, in respect to the redemption of land, are plain and unambiguous, and the statute seems to indicate that a redemption must be a redemption of the whole, in so far as the clerk is concerned. See Hemingway's Code, section 6972, section 4338, Code of 1906.

As the case presents itself upon the merits, the appellee has failed to carry out the statute in his attempt to redeem. He can blame no one but himself. The clerk acted upon his solicitation and did what he asked them to do. If it was wrong, he cannot complain.

The statute providing that the tax deed is to be filed and there remains for two years to give the delinquent taxpayer an opportunity to redeem in the manner pointed out by the statute, is not a statute of limitations in the ordinary sense of the term. It is not within the power of the court to extend the time. The mere filing of a suit in equity does not stop the running of this *quasi*-limitation. The officer, on the part of the complainant, to abide the judgment of the court and redeem the whole if the court so decrees that he should have done so, does not extend the rights of the plaintiff under the law to the time of the handing down of the final decree in the case. He files such a suit at his peril, and loses his rights when the time for redemption has expired, if such time expires before the final decree. His status is fixed by the law, and in the instant case, the appellee must necessarily rely entirely upon what he did prior to the expiration of the two years, and if he was wrong, he can blame no one but himself. The case should be reversed upon the record.

*Note:—Brief for appellee missing from the record.*

ANDERSON, J., delivered the opinion of the court.

The appellee, M. N. Sauls, filed his bill in the chancery court of Lincoln county, against the appellant, F. S. Swalm, by which he sought to have the court decree that he had legally redeemed from tax sales by the tax collector of Lincoln county and the tax collector of the city of Brookhaven in said county, a lot owned by him in said city, described as the north half of lot 14 in block 38, and in the alternative to redeem the lot from the tax sales, should the court hold that he had not already successfully redeemed it. There was a trial on bill, answer, and proofs, resulting in a final decree for appellee, from which appellant prosecutes this appeal.

The question whether appellant had legally redeemed the lot involved from the tax sales is pretermitted (be-

cause the members of the court are not in accord on that question), and, going to the question whether appellee, under the pleadings and proof, was entitled to maintain his bill to redeem the lot, the decision of which, in our view, will render unnecessary the decision of the other question, the following case is shown by the record:

H. E. Connor owned the lot involved, the north half of lot 14 in block 38 in the city of Brookhaven, and also another lot near by, but disconnected from that lot. There is a lot between the two, owned by some one other than Connor and the parties to this cause. Connor was indebted to appellee, which indebtedness was secured by a mortgage on the lot here involved. In assessing the two lots for state, county, and municipal taxes, Connor had them assessed *in solido.* Each lot had a residence on it. Appellee alleged in his bill that the lot involved in this cause was of less value than the other lot. This allegation was not denied by appellant's answer. There was a sale by both the tax collector of Lincoln county and by the tax collector of the city of Brookhaven for the taxes delinquent thereon. Both lots at each of the sales were offered and sold together for their joint taxes. Appellant became the purchaser. Deeds were executed by the tax collector of the county and of the city and filed as required by law. After these tax sales, and before the expiration of the two-year period for redemption of the lots fixed by our Constitution and statutes, appellee's mortgage on the lot involved was foreclosed *in pais,* at which sale he became the purchaser, receiving a deed from the trustee. The appellee thereby became the true owner of the lot, subject to the rights of the appellant as purchaser thereof at said tax sales.

Within the two-year period provided by law for redemption of lands from tax sales, the appellee undertook to redeem the lot involved. Within that time he paid to the chancery clerk of Lincoln county and to the city clerk of Brookhaven one-half of the amount necessary to redeem both lots from the tax sales. Appellee,

conceiving that the lot owned by him was not more than one-half of the real value of the two lots, induced those officers to accept one-half of the amount necessary to redeem both. After such attempted redemption, appellee was informed that appellant was claiming that the lot involved had not been legally redeemed. Thereupon appellee filed his bill in this cause, setting out, among other things, the facts above stated, and in addition averred his readiness and willingness to pay whatever amount was just and equitable, if the amount already paid was insufficient, to redeem the lot owned by him, offering with his bill to pay the same. He further alleged in his bill that before the redemption period expired he had approached appellant with a view of making a just and reasonable settlement with him as to the amount he should pay for the redemption of the lot, and that appellee insisted that one lot could not be redeemed without both being redeemed.

On the filing of appellee's bill, the chancery clerk, as shown by his docket entry, issued summons thereon for appellant. This was done on the day the bill was filed. The summons was not served on appellant. There is no evidence in the record that the chancery clerk, or any one else, ever delivered the summons to the sheriff for service. Later, and after the expiration of the two-year period for the redemption of the lot, appellee's attorney discovered that the summons issued had not been served on appellant, and had been misplaced and could not be found; whereupon appellee's attorney had an alias summons issued for appellant, which was duly served.

Where property owned by two or more persons is subject to a common lien or charge, the jurisdiction of a court of equity to apportion between the owners, according to their respective rights, the burden of such a charge, is of ancient origin. The exercise of such jurisdiction is so well established by the authorities that the cases supporting it are almost innumerable.

Appellee's lot was burdened with a charge, viz. the amount necessary to redeem it from the tax sales. The

question of fact was what would be a just and equitable proportion of the amount necessary to redeem both lots should be paid by appellee. Appellant contends that under the law appellee was due to pay the amount necessary to redeem both lots in order to redeem his own. The state, county, and municipality were not concerned. They had received the taxes due them in the purchase price both lots brought at the tax sales. It was a question, therefore, alone between appellant and appellee. We have no hesitation in holding, under these facts, that appellee had a right to invoke the jurisdiction of a court of equity. If he had not, he was without a remedy, although his right was clear. Certainly he was under no obligation, legal or equitable, as between him and appellant, to redeem for appellant the other lot bought by appellant at the tax sale.

Appellant contends, however, that appellee was barred from redemption through the chancery court, because his bill to redeem is to be treated as having been brought after the expiration of the redemption period of two years; that, although the bill was filed before the expiration of the redemption period, summons thereon was not served on appellant until after the expiration of that period. Furthermore, appellant contends that the filing of the bill did not stop the statute of limitation of two years provided for the redemption of lands from tax sales, even though it was filed and summons thereon was served within that time.

The limitation of two years for the redemption of lands from tax sales is simply a statute of limitation. Where the purchaser at a tax sale, as is true in this case, is a person, and not the state, or any of its political subdivisions, the right to redeem from such sale is a private right. Only the purchaser and the owner of the land are concerned. Neither the state nor any of its political subdivisions has any interest therein. We are unable to see why the statute should stand on a footing different from any other statute of limitation, so far as its run-

ning being stopped by action begun within the period of limitation.

Was the suit begun before the expiration of the redemption period? The bill was filed within that period and process asked for, and the clerk's docket entries show it was issued on the day the bill was filed. That was all that was required of appellee. Except by a legal proceeding for the purpose, he could neither force the clerk to issue the summons nor force the sheriff to execute it. The filing of the bill, with request for summons (which request is to be understood as having been made, if the contrary is not expressed), is such a commencement of a suit in the chancery court as to stop the running of the statute of limitation. *Bacon* v. *Gardner*, 23 Miss. 60.

Appellee's bill having charged that the amount paid by him to redeem the lot from the tax sales was more than its just proportion of the amount necessary to redeem both lots, and the appellant having failed to deny that allegation, it follows that the sums paid by the appellee to redeem the lot were sufficient for that purpose. The right result was reached by the trial court, and the decree is therefore affirmed.

*Affirmed.*