Wood *et al. v.* Peerey.

(Division B. Nov. 15, 1937.)

[176 So. 721. No. 32881.]

G. C. Moreland, of Corinth, for appellants.

728

**N. S. Sweat,** of Corinth, for appellee.

730

Argued orally by **G. C. Moreland**, for appellant, and by **N. S. Sweat**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The question is, What action constitutes the beginning of a suit on a promissory note as will stop the running of the six-year statute of limitation, section 2292, Code of 1930?

Appellee sued appellants in the circuit court of Alcorn county on a promissory note for $500. The note was due on November 15, 1930. The right to sue, therefore, accrued on November 16, 1930, and expired six years thereafter. The declaration was filed on November 14, 1936. Appellee requested the circuit clerk to issue summons at once. The clerk failed to do so, but delayed the issuance until November 18, 1936. It was not served until December 3, 1936.

Section 520, Code of 1930, is in this language: "Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court, shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant."

What the court held in Swalm v. Sauls, 141 Miss. 515, 106 So. 775, 777, with reference to what constituted the beginning of a suit in the chancery court, applies with equal force here. In that case the court said: "The filing of the bill, with request for summons (which request is to be understood as having been made, if the contrary is not expressed), is such a commencement of a suit in the chancery court as to stop the running of the statute of limitation. Bacon v. Gardner, 23 Miss. 60."

Appellee did all he was required by law to do in order to stop the running of the statute. His rights were not defeated by the dereliction of duty on the part of the clerk.

Affirmed.