SHACKELFORD *v.* NEW YORK UNDERWRITERS INS. CO. *et al.*

(In Banc.   October 7, 1940.)

[198 So. 31.   No. 34238.]

Sharp & Sharp, of Booneville, for appellant.

E. L. Joyner, of Tupelo, Floyd W. Cunningham, of Booneville, and L. Barrett Jones, of Jackson, for appellees.

**Ethridge, J.,** delivered the opinion of the court.

The appellant, Shackelford, filed two suits in the circuit court of Prentiss County on the 1st day of July, 1939, the suits being upon insurance policies in the respective companies issued to the appellant who was plaintiff in the court below on a stock of merchandise owned by the appellant, Shackelford. A copy of the policies were made exhibits to the declarations, and the declarations set up losses upon said policies on or about the 11th day of April, 1939, while the said policies of insurance were in full force and effect, and alleged that the merchandise and fixtures so insured were completely destroyed and that notice had been given and demand made upon the said companies for the necessary forms upon which to make the proof of loss, but it was alleged that the company neglected, failed and refused to furnish said forms, but instead they executed a non-waiver agreement in lieu thereof, a copy of the said agreement filed as exhibit B to the declarations, and demanded judgment upon said policies for the said loss. On the same day that the declarations were filed, process was issued to the defendants

by the clerk, but by error or omission of the clerk, the seal of the court was not placed upon the process. The process was directed to the sheriff of Hinds County, Mississippi, and was received by the sheriff and executed by him on the 6th day of July as being served upon the said defendants by delivering a true copy of the same to John S. Williams, III, Insurance Commissioner of the State of Mississippi and attorney for process for the said non-resident defendants, on this 6th day of July, 1939. Both the insurance companies were non-residents of the State of Mississippi, but were doing business within the state and the law provided for service upon the said Insurance Commissioner in such cases. The clerk of the circuit court, after the return of the process on or about the 23rd day of September, 1939, in examining the papers observed the omission of the seal therefrom and an alias summons was issued on the 23rd day of September, 1939, directed to the sheriff of Hinds County to be served upon the defendants which was executed by delivering a copy to the Insurance Commissioner, John S. Williams, III, and the sheriff of Hinds County returned the said process on the 28th day of September, 1939. The summons commanded the defendants to appear at the courthouse in the town of Booneville on the second Monday of February, 1940, then and there to answer the complaint filed in said court. The first process mentioned was returned to a term of court to be held on the first Monday of August, 1939. The defendants filed a plea in abatement on February 12, 1940, in which plea in abatement it was alleged that there is now pending in the chancery court of Prentiss County, Mississippi, a prior action between the same parties which action was commenced prior to the commencement of the above-styled cause and that said cause pending prior action between the said parties in the chancery court of Prentiss County involves the same subject matter and the same cause of action, and in the same manner and to the same extent as involved in the above-styled causes in this court, and that in the said pending

prior action between the parties in the chancery court, all the rights of the aforesaid parties to this cause of action may be fully and finally determined and adjudicated as fully and finally as the same can be in the above-styled cause of action in this court; that the two causes of action in said courts are identical in particulars to the extent that a determination and disposal of the aforesaid pending prior action in the chancery court of Prentiss County, Mississippi, would constitute a complete adjudication of the matters between the parties in the above-styled cause in this court. The complainant refers to the entire file of the proceedings in Cause No. 4670 in the chancery court of Prentiss County, and asks that the same be taken in and considered as an exhibit hereto as if the same were fully copied herein.

The plaintiff in the circuit court suit filed a replication to this plea in abatement in which he denied that at the time of the commencement of the above-styled cause by the plaintiff in the circuit court of Prentiss County, Mississippi, there was then pending in the chancery court of Prentiss County a prior action, or any action, between the same parties, and denied that any such action was commenced prior to the commencement of this cause in the circuit court of Prentiss County, but avers that on the 1st day of July, 1939, he filed with the circuit clerk of Prentiss County, Mississippi, the declaration in this cause, and deposited with the clerk on said date the fees required by law to be deposited for service of process on the Insurance Commissioner of the State of Mississippi, the agent designated for service of process in the State of Mississippi by said defendant, and requested that process immediately issue for said defendant in the manner and form provided by law, and that upon said date the clerk of the circuit court of Prentiss County, Mississippi, filed said declaration and issued process thereon, as shown by the general docket of said clerk.

He further averred that on the fifth day of August, 1939, more than thirty days after the filing of the declara-

tion with the clerk of the circuit court of said county, the defendant insurance companies filed a bill in the chancery court of Prentiss County, No. 4670 on the docket of said court, and further averred that a demurrer had been interposed to the bill in the chancery court, and that all matters and defenses set up in the bill in the chancery court can be interposed and availed of by the defendant in this cause as fully and completely as in the chancery court, and that this is an action at law and all defenses to which the defendant is entitled can be interposed in this court as effectually as in the chancery court.

The bill filed by the defendants in the chancery court sought a cancellation of the policies because of non-compliance with the conditions in the policies on the part of the plaintiff in the circuit court, the defendant in the chancery court, setting out the clauses in the policies alleged to be violated by Shackelford, the insured, the plaintiff in the circuit court suit, and the defendant in the chancery court suit, and set forth that the insurance companies had been served with garnishment in Shelby County, Tennessee, by a mercantile company in Memphis, Tennessee, and had been served with garnishments in the courts of Fulton County, Georgia, at Atlanta, by the Pilot Shoe Company, of Baltimore, Maryland. It was then charged in the bill in the chancery court as follows: ". . . and further charges that the defendant has attempted to institute a suit against complainant in the circuit court of Prentiss County, Mississippi, under Cause No. 1784, styled 'M. L. Shackelford v. New York Underwriters Insurance Company,' and that defendant has attempted to serve process upon this complainant, but that the process issued and attempted to be served on complainant was and is wholly void because of the failure of the circuit clerk to attach his official seal to either the original process or the copy thereof attempted to be served on your complainant, and complainant charges

that it is not now impleaded in the circuit court of Prentiss County, Mississippi.''

A similar bill was filed by the Franklin Fire Insurance Company with identical allegations, and prayed for a decree cancelling the policies issued by the respective companies.

This suit in the chancery court was answered and a demurrer interposed as part of the answer on the ground (1) that there is no equity in the bill; (2) that the complainant has full, adequate and complete remedy at law; and (3) that said original bill shows that a cause of action involving the same matters as set out in the original bill was pending in the circuit court of Prentiss County, Mississippi, at the time of the filing of said bill, and that all of the alleged defenses set up in said original bill can, and should be availed of in a court of law, and in the case pending in the circuit court of Prentiss County, Mississippi, between the same parties.

Complainants in the chancery court filed a motion to strike one of the grounds of demurrer from the files, and the cause, by consent of the parties, was taken under advisement to be decided in vacation by the chancellor, and had not been disposed of at the time judgment was rendered in this cause in the circuit court, which judgment sustains the defendants' pleas in abatement. A motion to strike a ground of demurrer is unknown to the practice in Mississippi.

It will be noted from the above statement that the plaintiff filed his suit in the circuit court and directed process to be issued thereon and paid the fees for such service of process prior to the institution of the suit in the chancery court by the said insurance companies. It further appears from the bill filed in the chancery court that the insurance companies had knowledge of the filing of the said suit, and that the attempted illegal process issued by the clerk, which was illegal solely because the seal was omitted therefrom, had been actually served upon the insurance companies. The question presented

for decision is, was the suit in the circuit court a pending suit from the filing of the declaration therein, or were the proceedings wholly void until the second process was issued with the seal of the court upon it?

Section 520 of the Code reads as follows: ''Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court, shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant.''

Section 474 of the Code of 1930 provides: ''All things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever.''

We think that it is the purpose of the legislature in enacting Section 520 to adopt for the circuit court the practice of the chancery court of making the filing of the declaration or bill of complaint the beginning of a suit if process was issued thereon. It will be noted from a reading of Section 520 that the section directs the process to be immediately issued. If the process is not directed to be held up by the party filing it, it is the duty of the clerk to issue it immediately and the plaintiff or complainant will not be deprived of the benefits of filing for any default or neglect of the clerk unless such default or neglect is attributable to the plaintiff or complainant.

In Williams v. New York Life Ins. Co., 132 Miss. 345, 96 So. 97, it was held a suit in chancery is begun when the bill is filed with the clerk of the chancery court. This opinion cites Meridian Nat. Bank v. Hoyt & Bros. Co., 74 Miss. 221, 21 So. 12. It was held in Wood et al. v. Peerey, 179 Miss. 727, 176 So. 721, that the filing of a declaration

on November 14, 1936, with request to the circuit clerk to issue summons at once in an action on a note which was due November 15, 1930, which constituted the beginning of a suit, stopped running of 6-year statute of limitations, notwithstanding the clerk delayed issuance of summons until November 18, 1936, and summons was not served until December 3, 1936.

In the course of the opinion, this court said, after quoting the section involved here, Section 520, Code of 1930:

"What the court held in Swalm v. Sauls, 141 Miss. 515, 106 So. 775, 777, with reference to what constituted the begining of a suit in the chancery court, applies with equal force here. In that case the court said: 'The filing of the bill, with request for summons (which request is to be understood as having been made, if the contrary is not expressed), is such a commencement of a suit in the chancery court as to stop the running of the statute of limitation. Bacon v. Gardner, 23 Miss. 60.'

"Appellee did all he was required by law to do in order to stop the running of the statute. His rights were not defeated by the dereliction of duty on the part of the clerk."

There seems to have been an attempted distinction drawn between the pending of suit for the purpose of tolling the statute of limitations, and the case here of priority between two suits filed in different courts, one by the plaintiff in the circuit court, and one by the defendants as complainants in the chancery court.

We think that under the authorities herein cited that the suit in the circuit court was begun when the declaration was filed and summons attempted to be issued. When a plaintiff files a declaration for the purpose of beginning suit, the suit is begun unless the plaintiff or his attorney or agent shall direct the process not to be then issued. The statute imposes the duty on the clerk to issue the process, and in this case the clerk undertook to do so, but by error omitted to place the seal on the summons.

Plaintiff cannot be held responsible for the omission of the clerk. The only way in which a clerk can be controlled by a party litigant is through a process of the court. The litigant has the right, under these decisions, to assume the clerk will perform the duty and issue the summons, and will not be deprived of his rights accruing from the filing of the suit until such reasonable time as he would be called upon to institute some proceeding to compel compliance with the law by the clerk. It appeared in the face of the bill filed in chancery court that the complainants therein, the defendants in this suit, had actual knowledge of the filing of the suit in the circuit court and of the mistake or error on the part of the clerk. Consequently, that error or failure to put the seal on the process did not affect the plaintiff's right in the circuit court suit, all of which matters involved in the application of the chancery suit being assertable in the circuit court.

It follows from what we have said that the judgment of the court below must be reversed, and the cause remanded for further proceedings in the circuit court.

Reversed and remanded.