FREDRICK SMITH ENTERPRISE CO., INC. *v.* LUCAS.

In Banc. Sept. 27, 1948.

(36 So. (2d) 812)

44

Brewer & Brewer, for appellant.

V. J. Brocato and Stovall Lowrey, for appellee.

**Montgomery, J.**

The declaration filed by appellee in the trial court alleged in substance that on or about December 10, 1942, he was employed by the appellant corporation as farm manager to manage their "Matagorda Plantation" at Jonestown, Coahoma County,. for the year 1943, and for his services was to be paid a salary of $250.00 per month and a bonus of five per cent on all profits and net earnings from the operation of the aforesaid plantation for the year 1943 and was to be furnished living quarters, heat, light and water; that he was paid his salary for January and February, but on March 16th, 1943, the defendant without legal reason, justification, cause or excuse attempted to discharge him, and, except as aforesaid, no payments have been made to him under the terms of his contract; that in order to minimize his damages he sought other employment whereby he earned $100.00 in May, $125.00 in July and a like amount each month through September, and that in each of the remaining months he earned $150.00; that from July 1st on he was provided, by the terms of his employment, with living quarters, and that the rental value of the house furnished him under the employment by appellant was $45.00 per month. He sued for $295.00 for March, $295.00 for April, $195.00 for May, $125.00 for June, $125.00 for July, $125.00 for August and September, and $100.00 for each of the months of October, November and December, amounting to a total of $1,585.00 plus interest at six per cent from the date of each item. He also charged that the net earnings of the plantation were more than $8,000.00, and he sued for five per cent thereof, or $400.00, with interest thereon at six per cent from December 31, 1943.

The defendant below, appellant here, filed a plea of general issue with special notice that (1) the claim was barred by the three year statute of limitations; (2) that the employment was not for the year but from month to month; (3) that the services were not satisfactory and appellee failed and refused to carry out instructions of his employer and was wholly incapable of properly managing the plantation; (4) that he was addicted to drink and thereby rendered incompetent to handle the farming operations; (5) that in addition to the $500.00 admittedly paid him the appellant paid $100.00 advanced him through one Turner and furnished him groceries in the amount of $15.38. The jury returned a verdict in favor of plaintiff below, appellee here, in the sum of $1,835.00, to which the Court added $390.19 as interest at six per cent from January 1, 1944, and rendered judgment for the total amount of $2,275.19. There was a motion for a new trial, which was overruled.

The first matter to be considered is the oral contract of employment. It was contended by appellant that the employment was from month to month, while appellee contended it was for the full year. This issue was properly submitted to the jury and the jury found the employment was for the full year 1943. We cannot say from this record that the jury was not justified in so finding from the evidence.

We call attention to the fact that we are not here dealing with the right of an employer to discharge an employee at will where the only consideration for the employment is the giving and receiving of services for a stipulated monthly wage, but here we have a contract of employment where the employment was for the full year 1943 and the discharge was for alleged cause. The question of the discharge of appellee and its justification was also properly submitted to the jury on the conflicting evidence, and the jury found the appellee was discharged by appellant and that his discharge was unjustified. We cannot say this finding was not warranted by the evidence.

Appellant assigned as error the refusal of the court to grant the peremptory instruction requested by defendant, and argues that Lucas was discharged on March 16, 1943, and that this suit was barred by the three year statute of limitations when it was filed on December 6, 1946, in the Circuit Court of Coahoma County. However, ██ ██ it appears from the record here that Lucas filed suit against Frederick Smith Enterprise Company in the Federal Court for Delta Division of the Northern District of Mississippi on May 2, 1945, within the three year limitation, and that this suit was dismissed for lack of jurisdiction on November 13, 1946. Less than a month later this suit was filed.

Section 744, Code 1942, provides: ''If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein; and his executor or administrator may, in case of his death, commence such new action, within the said one year.''

In Hawkins v. Scottish Union & Nat. Ins. Co., 110 Miss. 23, 69 So. 710, this Court held that a dismissal of a suit because of want of jurisdiction of the subject matter is a dismissal for matter of form within the purview of Section 744.

Hence this suit being filed within a month of the dismissal of the suit in the Federal Court it is within the one year saving provision of Section 744.

But appellant argues further that Frederick Smith Enterprise Company, a corporation qualified to do business in Mississippi effective as of June 29, 1942, and named E. C. Brewer as agent for service of process; that the declaration herein stated that Jim Turner was agent of

the corporation on whom process could be served and thereby in effect instructed the clerk to issue process to be served on Jim Turner and not on E. C. Brewer, the agent named for the service of process. Appellant made a motion to quash the process on January 13, 1947, and the process was quashed, but by Section 1881, Code 1942, this operated to enter defendant's appearance at the succeeding term of court. The appellant argues from this that since the Federal suit was dismissed on November 13, 1946, and process was not served on one legally authorized to receive it because of Lucas' fault until appearance was entered by defendant on January 13, 1947, more than one year elapsed before the new suit was commenced and hence the suit is beyond the saving clause of Section 744, Code 1942.

Section 1463, Code 1942, says: "Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court, shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant."

In Bacon v. Gardner, 23 Miss. 60, it was held that the filing of the bill and not the issuance of the process, is so far the commencement of a suit in the Chancery Court, as to stop the running of the statute of limitations.

In Kelly v. Harrison, 69 Miss. 856, 12 So. 261, it was held that if a declaration is filed and a summons issued, the action will be deemed begun and pending, although the summons is, by clerical error, made returnable to a date long past and is in fact not served on the defendant and no alias summons is issued, and where a judgment is vacated because of no service of summons, it is proper for the court to treat the suit as still pending.

In Swalm v. Sauls, 141 Miss. 515, 106 So. 775, the bill was filed and summons was issued by the clerk on the same day, as shown by the docket, but was never delivered to the sheriff for service nor was it served on the defendant, but the court held this was a commencement of the suit and stopped the running of the statute of limitations.

In Wood v. Peerey, 179 Miss. 727, 176 So. 721, the filing of a declaration on November 14, 1936, with request to the clerk to issue summons at once, constituted the beginning of a suit and stopped the running of the statute of limitations though the clerk delayed the issuance of the summons four days, until November 18, 1936, and it was not served on defendant until December 3, 1936, after the bar would have otherwise been complete on November 15, 1936.

In Shackelford v. New York Underwriters Ins. Co., 189 Miss. 396, 198 So. 31, it was held that a suit in circuit court was begun when the declaration was filed and summons was issued by the clerk, though the summons was void because it was not issued under the seal of the court.

The suit here having been filed and the clerk having promptly issued process for defendant, it was a pending suit and tolled the running of the statute of limitations though it was served on the plantation manager of the appellant and not on its designated agent for the receiving of service of process.

We think, therefore, the motion for the peremptory instruction was properly overruled, since there was an issue of fact for the jury to determine on the question of employment, the question of rate of pay, and the question of right to discharge.

The appellant assigns as error the giving of instructions numbers 5, 6 and 7.

Appellee, in his declaration, had sued for his salary, less his earnings during the remainder of the year, and five per cent of the net earnings of the plantation for 1943, which were alleged in the declaration to be in excess of $8,000.00, and on which his five per cent commissions were

alleged to be $400.00, and he also sued for the value of any other benefits due under his contract of employment.

Appellant produced a statement taken from its books showing a net earnings for said year in the amount of $4,411.72, but in this statement there was contained a charge of $18,000.00 for rent on the plantation which was owned by appellant and a charge of $13,488.54 for administrative expense in which was included the sum of $3,000.00 for salary for the president and general manager of the corporation. The Court below by instruction number 5 told the jury that the $18,000 00 was not a proper reduction and by instruction number 6 that the $3,000.00 was not a proper reduction and could not be considered by the jury in arriving at the net earnings of the plantation for 1943.

The testimony is undisputed that the appellant corporation had set up this plan for the payment of $18,000.00 "rent" to the appellant owner as a method for providing a fund for the payment of taxes, annual repairs on the real and personal property, insurance and other items of expense, all of which were paid by the appellant owner by the application of said fund and that this fund was largely consumed by those expenditures which it is alleged were chargeable as costs in producing the crop on the plantation, and, if not paid as rent as aforesaid, would have to be paid as a direct item of expense in producing the crops and charged as such. It may be that some of the items included in this $18,000.00 were not properly chargeable as an item of expense in the making of the crop, but at least a goodly portion of them were apparently so chargeable.

The same may be said of the $3,000.00 paid as salary to the general manager, though a part of this may have been payment for services to other properties owned by the appellant. On this the record is not clear.

However this may be, ▆▆▆ the burden of proof was on the appellee as plaintiff in the lower court to prove the damages resulting from the breach of his contract of em-

ployment and prove them to a reasonable certainty. The burden was on the plaintiff to show with reasonable certainty the gross value of the crop and the cost of its production and thereby fix the amount of the net profits of the plantation for the year 1943. Beach v. Johnson, 102 Miss. 419, 59 So. 800, Ann. Cas. 1914D, 33; Studdard v. Carter, 120 Miss. 246, 82 So. 70; Ammons v. Wilson & Co., 176 Miss. 645, 170 So. 227. The decision of the Louisiana Court in Sharp v. McBride, 134 La. 249, 63 So. 892, cited by appellee, is not in accord with the rule in this State. The Court was in error in arbitrarily excluding the entire $18,000.00 and the $3,000.00 charges against the gross receipts of the plantation in arriving at the net profits for 1943, for it is clear the jury in rendering their verdict, after crediting the $100.00 advanced Lucas by Jim Turner and repaid by appellee, allowed as damages five per cent on at least a portion of these items.

The giving of instructions 8 and 9 is also assigned as error by appellant. Under these instructions the appellee was, by the jury, awarded as rent on the plantation manager's residence which he was required to vacate, the sum of $45.00 per month for March, April and May, 1943. There is no proof in the record that the contract of employment provided for the furnishing of a residence by his employer. In addition Lucas testified he moved into the manager's residence on the plantation on February 10th and lived there until April 10th or 12th. Consequently he was living in the house all during March and approximately half of April. Surely he should not recover for the loss of the reasonable rental value of the house while he was residing in it. Nor should he recover the reasonable rental value of the house at all in the absence of a contract obligating his employer to furnish a residence, and he did not establish such a contract by his proof.

For the reasons assigned the case is reversed and remanded.

Reversed and remanded.