**Walter S. LOWRY, Jr.,**

v.

**The INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS AND HELPERS OF AMERICA, et al.**

**No. 15281.**

United States Court of Appeals,
Fifth Circuit.

March 22, 1955.

Albert Sidney Johnston, Jr., J. D. Stennis, Jr., Biloxi, Miss., for appellant.

Webb M. Mize, R. W. Thompson, Jr., Gulfport, Miss., Clif. Langsdale, Kansas City, Mo., of counsel, for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment of dismissal on the ground that the action is barred by the applicable state statute of limitations. Appellant was a member of the International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America, and of Local Lodge 693. By a letter of October 29, 1947, the national president of the union in Kansas City, Kansas, suspended him for violations of the constitution of the union. The letter was received on October 31, 1947, by the appellant in Pascagoula, Mississippi, his residence and the place of his membership in the union. An appeal was taken to the national executive council in Chicago, which upheld the action of the president. Thereupon, the appellant was informed that he could appeal to the international convention at Montreal on May 2, 1949, but he did not do so.

On October 28, 1953, appellant filed suit in the United States District Court for the Southern District of Mississippi for damages and an injunction against the union and others. On March 13, 1954, he filed an amended complaint, which was dismissed for lack of jurisdiction of an indispensable party. On the same day, after the dismissal of the suit in the federal court, the appellant filed the present suit against the appellee union, in the Chancery Court of Jackson County, Mississippi, whereby he brought attachment and garnishment proceedings against resident defendants for moneys and funds of the non-resident defendant, the union, in the possession of said resident defendants. He based his cause of action on his alleged wrongful suspension and expulsion from the union. The suit was removed to the court below, and the appellee filed a motion to dismiss, in which it was alleged that appellant's cause of action was barred by the Kansas statute of limitations of two years, and by the Mississippi statute of limitations of six years. The court sustained the motion, and held that appellant's cause of action was barred by both the Kansas and Mississippi statutes of limitations. The court held that the wrong complained of accrued on October 31, 1947, the date the appellant received the letter from the president of the union advising him that he had been suspended from membership in the union; that the letter was written and mailed in Kansas and therefore the wrong was committed in Kansas; that the action was one in tort and did not arise *ex contractu;* and that the Kansas statute of limita-

**548**

tions of two years was applicable. The court also held that the suit was barred by the Mississippi statute of limitations.

■■ The crucial question presented is whether the appellant is barred by any statute of limitations from asserting his alleged cause of action. We are in agreement with the court below that the appellant's cause of action accrued on October 31, 1947; but it does not logically follow that the law of Kansas is applicable. It was the receipt of the letter in Pascagoula, Mississippi, that caused the alleged injury. The suspension and expulsion of the defendant was initiated by the president of the union in Kansas, but the wrong was not completed when the letter was mailed. The time when a cause of action arises and the place where it arises are necessarily connected, since the same act is the tortious event in each instance. The final act which creates the liability in a cause of action has both aspects of time and place. It occurs at a certain time and in a certain geographical spot. The letter had no effect upon the appellant until received by him in Mississippi; it was there that he was a member of the union, and it was there that the suspension took effect. His cause of action accrued in Mississippi, and should be governed by the laws of that state. The applicable statute of limitations is the six year statute provided in Section 722 of the Mississippi Code of 1942.

The suit filed by the appellant on October 28, 1953, was within six years from the date of the accrual of his cause of action, October 31, 1947. He filed an amended complaint on March 13, 1954, which was within the time allowed for amendments. However, this suit was dismissed for lack of jurisdiction of a party defendant. Section 744 of the Mississippi Code allows one year within which to file a second suit if the first suit is dismissed for any matter of form. If the appellant's suit was dismissed for a matter of form, then the provisions of Section 744 save the appellant from the effect of the running of the statute of limitations and the present suit, which was filed on March 13, 1954, would not be barred.

■ It is established in Mississippi that a dismissal for lack of jurisdiction is dismissal for a matter of form within the meaning of said Section 744. Frederick Smith Enterprise Co. v. Lucas, 204 Miss. 43, 36 So.2d 812; Hawkins v. Scottish Union & National Insurance Co., 110 Miss. 23, 69 So. 710. Therefore, it appears that the lower court erred in holding that the dismissal for lack of jurisdiction was not a matter of form. The dismissal was not on the merits, and the appellant is entitled to have the case tried on its merits. Accordingly, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.