222 So.2d 660 (1969)
In the Matter of the ESTATE of Estella D. STANBACK (also known as Estella Brown Steinback, and Estella Stanback), Deceased.
Virgin E. Knuckles, Complainant/Appellant,
v.
Lucy Mae WELLS (Lucy Mae Brown Wells), Ardella Moore (Idela Brown Moore) and Arthur Brown, et al., Defendants/Appellees.
No. 45353.
Supreme Court of Mississippi.
May 12, 1969.
*661 William Thomas, Jr., Greenville, for appellant.
Bogen, Wilkes & McGough, Greenville, for appellee.
PATTERSON, Justice:
This cause arose in the Chancery Court of Washington County when the appellant filed a petition seeking probate of a will, issuance of letters testamentary thereon, and revocation of a will previously probated by the appellees. The appellees answered the petition and also filed a plea in bar as part of their answer. After a special hearing on the plea, it was sustained and the chancellor entered an order dismissing the bill of complaint.
Estella D. Stanback, the testator, died on March 26, 1966. Shortly thereafter, Lucy Wells, Ardelia Moore and Arthur Brown offered for probate a will executed by the deceased on June 8, 1964, in which they were designated as the sole beneficiaries. The will was admitted to probate in common form on May 26, 1966.
On February 14, 1968, the appellant, Virgin E. Knuckles, filed a petition seeking to set aside the will previously admitted to probate and to have admitted to probate a will which allegedly had been executed by the deceased on November 11, 1965. The petition for the probate of this document did not designate any of the interested parties as defendants thereto although it did allege that Edward J. Bogen was the executor of the first will. Neither does the prayer of the petition request that process issue for anyone nor does the affidavit to the petition set forth any facts upon which process could issue for a nonresident defendant. Thereafter, on June 5, 1968, at the request of the appellant's attorney, process by publication was issued for the beneficiaries under the first will.
The appellees filed an answer to the petition which contained, among other things, a plea in bar asserting that petitioner's action was barred under the provisions of Mississippi Code 1942 Annotated section 505 (1956) since it was not commenced within two years of May 26, 1966, the date the first will was admitted to probate. As mentioned, the evidence showed that appellant's petition for probate was presented to the chancery clerk and marked "filed" on February 14, 1968. There was no request for summons to issue at that time and, in fact, none did issue until June 5, 1968. The position taken by the appellant at the hearing on the plea in bar was that the filing of the petition properly commenced the suit and therefore tolled the two-year statute of limitations. The appellees maintained, however, that the petition was not "filed" within the meaning of the law until the appellant requested the chancery clerk to issue summons thereon, and since the statute of limitations had expired prior to that date, the action was barred.
The lower court, after considering evidence on the motion, sustained the plea in bar and dismissed the appellant's petition. The primary question presented to this Court on appeal is the propriety of the chancellor's ruling that appellant's suit was not commenced within the time prescribed by statute and therefore was barred under the law.
In order to answer this question it is necessary to briefly examine the statutes which are involved. Mississippi Code 1942 Annotated section 505 (1956) provides in part as follows:
Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not; but if some person do not appear within two *662 years to contest the will, the probate shall be final and forever binding * * *. (Emphasis added).
The terms of this section are self-explanatory. Simply stated, it provides that any party who wishes to contest the validity of a will probated in common form may do so by a petition or bill within two years of the date on which the will is admitted to probate. Mississippi Code 1942 Annotated section 506 (1956) also provides:
In any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties. (Emphasis added).
It is evident from the above statute that the problem in this cause does not relate to the fact that the commencement of a suit within a designated time period is necessary to toll the statute of limitations. Indeed, the cases on this point seem to be in relative harmony. See Williams v. New York Life Ins. Co., 132 Miss. 345, 96 So. 97 (1923); Sartor v. Sartor, 39 Miss. 760 (1861); Dilworth v. Mayfield, 36 Miss. 40 (1858); and Bacon v. Gardner, 23 Miss. 60 (1851). See also Frederick Smith Enterprise Co., Inc. v. Lucas, 204 Miss. 43, 36 So.2d 812 (1948). The question here is what constitutes the "filing of a suit" so that the suit is commenced.
In discussing this subject Griffith states in his Mississippi Chancery Practice section 222 (2d Ed. 1950), the following:
* * * In chancery the filing of the bill is the bringing of the suit, provided process in due course issue thereon. A suit in chancery is begun by the filing of a bill, but a filing must be one in the legal sense which is that process shall issue and be served in due course. Therefore the delivery of a bill to the clerk and having him mark it filed, and the entry of the case on the docket and the immediate taking out of the papers by counsel for the complainant with the statement that no process is to be issued until later, is not a filing and is not the institution of a suit. * * * (Emphasis added).
The subject has also been discussed at length in the early case of Meridian National Bank v. Hoyt & Bros. Co., 74 Miss. 221, 228-229, 21 So. 12, 14, 36 L.R.A. 796 (1896), wherein this Court stated:
* * * It is clear that marking the paper "Filed" is not filing it. A paper may be marked "Filed" and yet not be in fact filed, and a paper may be in fact filed though not marked "Filed"; and the entry on the general docket does not constitute filing. All these indorsements of the clerk are evidence, but not conclusive evidence, of a filing. Whatever the nature of the paper, it can only be filed by delivering it to the proper officer, to be by him received and dealt with in the manner usual with the particular character of paper. If a deed, for example, or other paper required to be recorded, it must be kept by the clerk until recorded. If any paper in respect to which a statute requires the original or a copy to be filed, the original may not be withdrawn till a copy has been filed. If a bill in chancery, it must be delivered to the clerk, to be by him received, indorsed, and dealt with in the manner usual with such bills. It must be delivered and recorded with the purpose of having process issue in due course. * * * The error of counsel for appellant was in supposing that merely having the bill marked "Filed," and placed in a court wrapper, or docketed, without more, and with the declared purpose that the process should not issue, would constitute filing, because of the rule that in chancery the suit is begun by the filing of the bill. But the filing meant, as we have shown, must be a filing in the legal sense, with the purpose that process and all usual steps shall follow in due course. Lamkin v. Nye, 43 Miss. [241] 252, explains the principle. * * *
Consideration of these and other authorities indicates that the mere physical act of depositing a bill or petition with the *663 clerk is insufficient to constitute a legal filing thereof even though the document is stamped or marked "filed" by the clerk. To constitute an actual legal filing the presentation of the bill or petition to the clerk must be followed by the issuance of process in the normal and usual manner without undue delay. As an example, if an attorney places a petition in the clerk's hands, has it marked filed, and then withdraws it, with the stated purpose that no further action should be taken, he would be deemed not to have filed his suit under the law. Meridian Nat'l Bk., supra, and Erving's Hatcheries v. Garrott, 250 Miss. 701, 168 So.2d 52 (1964). Only when the bill or petition is presented to the clerk with the intent that summons issue thereon without delay is the suit commenced so as to toll the statute of limitations.
In Wood v. Peerey, 179 Miss. 727, 176 So. 721 (1937) and Swalm v. Sauls, 141 Miss. 515, 106 So. 775 (1926), it is stated that when a petition is presented to a clerk for filing, it is presumed to be accompanied by a request for service of process unless a contrary desire is shown to have been expressed. In the present case there is no evidence that the filing of the petition was accompanied with a request that process not issue. There is evidence to the effect that no affirmative request was made for process to issue on the date the petition was marked "filed" and that such request was not made until June 5, 1968. Indulging the presumption that a request for service of process is understood, unless a contrary desire is expressed, Wood, supra, it is also necessary to consider any petition which is filed in terms of whether it contained sufficient allegations and information to enable the clerk to issue process.
We find the following facts significant in this regard: (1) Although the appellees were beneficiaries under the will which appellant sought to revoke, they were not named in his petition as interested parties as required by Section 506, supra; (2) there were no allegations as to whether appellees were residents or nonresidents of this state nor was there any information as to where they might be found; (3) there was no prayer in the petition for process to issue on any party; and (4) there was a standing custom in the community that process did not issue for nonresidents by publication until such was prepared by the attorney and presented to the clerk. It is evident from the facts in this cause that the clerk could not possibly have issued service of process before June 5, 1968, when he was given the necessary information by the appellant's attorney. Prior to that time even had he been able to determine who the defendants should be, he would not have been able to serve them since their addresses were unknown. Although we fully recognize the rule announced in Swalm, supra, and Wood, supra, that a request for service of process is understood to accompany the filing of a bill or petition, we also feel that a request, presumed or otherwise, is legally insufficient when it is not accompanied by sufficient information to enable the clerk to actually issue process.
Therefore, under the circumstances presented here and the applicable law, we are of the opinion that the appellant did not file his suit in the legal sense on February 14, 1968, and the actual filing was not accomplished until June 5, 1968, when a request for service of process was made by delivery of a prepared nonresident summons to the clerk. Since the two-year statutory period of limitation within which the first will could be contested expired on May 26, 1968, we conclude the chancellor was correct in ruling that the appellant's suit was barred by Mississippi Code 1942 Annotated section 505 (1956).
Affirmed.
ETHRIDGE, C.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.